

**DLA Piper LLP (US)**
1251 Avenue of the Americas, 27th Floor
New York, New York  10020-1104
www.dlapiper.com

Jonathan D. Siegfried
jonathan.siegfried@dlapiper.com
**T**  212.335.4925
**F**  212.884.8477

September 9, 2014

**VIA ECF**

Honorable George B. Daniels
United States District Judge
Southern District of New York
500 Pearl St.
New York, New York 10007-1312

    Re:    *Licci, et al. v. American Express Bank Ltd., et al* (08-CV-7253) (GBD) (MHD)

Dear Judge Daniels:

    We represent Lebanese Canadian Bank ("LCB") in the above captioned matter, and write in response to plaintiffs letter of September 8, 2014, in which they request a Fed. R. Civ. P. 16 discovery conference.

    Plaintiffs' request is premature.  As the Court is aware, LCB previously moved to dismiss the claims against it under both Fed. R. Civ. P. 12(b)(2) and 12(b)(6).  Because the Court previously granted LCB's motion to dismiss on a jurisdictional basis, pursuant to Rule 12(b)(2), it properly did not address the merits of LCB's motion to dismiss for failure to state a claim.  LCB respectfully requests that the Court do so now.

    While dismissal for failure to state a claim was fully supported by law at the time of LCB's previously filed motion to dismiss, over the last several years several seminal decisions have been issued by the Second Circuit and Supreme Court which now provide additional support for the dismissal of all claims against LCB under the Alien Tort Statute ("ATS") and Anti-Terrorism Act ("ATA"), as well as the related common-law claims.

    By way of example, in *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111 (2d Cir. 2010), the Second Circuit held unequivocally that claims under the ATS may not be asserted against corporations, but rather only against natural persons.  *Id.* at 119-20, 148-49.  This ruling was affirmed on other grounds by the Supreme Court (*Kiobel v. Royal Dutch Petroleum Co.*, 133 S. Ct. 1659 (2013), however, it did not disturb the Second Circuit's ruling on corporate liability, which remains binding law in the Second Circuit.  *See Balintulo v. Daimler AG*, 727 F.3d 174, 191 n.26 (2d Cir. 2013) (confirming that its ruling in *Kiobel* remains "[t]he law of this Circuit"); *Chowdhury v. Wordtel Bangladesh Holding, Ltd.*, 746 F.3d 42, 49 n.6 (2d Cir. 2014) (calling its opinion in *Kiobel* "the precedent of this Circuit" that the Supreme Court "did not disturb").



Honorable George B. Daniels
September 9, 2014
Page Two

      Other recent Second Circuit and Supreme Court decisions mandate dismissal of plaintiffs' ATA claims.  *See, e.g.*, *See In re Terrorist Attacks on Sept. 11, 2001 (Al Rajhi Bank)*, 714 F.3d 3d 118 (2d Cir. 2013); *Burrage v. United* States, 134 S. Ct. 881 (2014); *University of Tex. Southwestern Med. Ctr. v. Nassar*, 133 S. Ct. 2517 (2013); *see also Kaplan v. Central Bank of Islamic Republic of Iran*, 961 F. Supp. 2d 185 (D.D.C. 2013).

      Finally of course, the decision of the Second Circuit affirming dismissal of common-law claims against American Express Bank (*Licci v. Lebanese Canadian Bank*, 672 F.3d 155 (2d Cir. 2012)), which plaintiffs alleged in their petition for rehearing *en banc* were identical to the common law claims against LCB, mandates dismissal of these same claims against LCB.  Further briefing by the parties, therefore, is necessary to address these and other superseding developments in the law.

      Further, given that all discovery would take place abroad, since all witnesses and relevant documents are located in Israel and Lebanon, and given the time and expense of foreign discovery, the Court should properly first decide—as it chose to do earlier—whether plaintiffs' claims should be dismissed prior to requiring the parties to undertake such discovery.

      Accordingly, LCB respectfully requests that the Court issue an order establishing a schedule for its consideration of LCB's motion to dismiss.  LCB is prepared to expeditiously refile it's prior submission updated to reflect these intervening decisions which further support its motion to dismiss plaintiffs' claims pursuant to Rule 12(b)(6).

      Respectfully submitted,

      **DLA Piper LLP (US)**

      /s/
      Jonathan D. Siegfried

cc:  all counsel (via ECF)