

DLA Piper LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, New York  10020-1104
www.dlapiper.com

Jonathan D. Siegfried
jonathan.siegfried@dlapiper.com
T  212.335.4925
F  212.884.8477

October 31, 2014

**VIA ECF**

Hon. George B. Daniels
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

>   Re:  *Licci, et al. v. American Express Bank Ltd., et al.* (08-Civ. 7253) (GBD)
>         (MHD) - Issues Relevant to the November 4, 2014 Rule 16 Conference

Dear Judge Daniels:

We represent Lebanese Canadian Bank ("LCB") in the above captioned matter.  We write now because we recently discovered misconduct by Mr. Tolchin that both violates Rule 3.3(a)(2) of the New York Rules of Professional Conduct and requires the attention of the Court with respect to dismissal of this action on collateral estoppel and other grounds as well as the imposition of sanctions.  We expected to bring this to the attention of the Court at the October 16th conference, but Mr. Tolchin failed to appear.

On September 8, 2014, Mr. Tolchin wrote the Court requesting a Rule 16 scheduling conference following the Second Circuit's remand of this matter because "Plaintiffs are naturally interested in moving their case against LCB forward to discovery and trial as expeditiously as possible."  (Sept. 8, 2014 Ltr. from R. Tolchin to Hon. G. Daniels (ECF No. 65).) Notwithstanding this request,  Mr. Tolchin failed to show for the conference he had requested. Our primary concern, however, centers not Mr. Tolchin's absence but rather on his failure to tell the Court at any point in time that a parallel proceeding he had brought *on behalf of these same plaintiffs* was dismissed over a year ago by the United States District Court for the District of Columbia.  As set forth below, the ruling in that case has a collateral estoppel effect that requires dismissal of this action as well.  Accordingly, we reaffirm our request that the Court establish a briefing schedule for LCB's motion to dismiss on collateral estoppel and other grounds and deny plaintiffs' request for  discovery pending determination of that motion.

**The Parallel Lawsuit in the District of Columbia**

In March 2010, while this Court was considering the motion to dismiss brought by LCB in this action, Mr. Tolchin filed a virtually identical suit in the United States District Court for the District of Columbia under the caption *Kaplan v. Central Bank of the Islamic Republic of*



Hon. George B. Daniels
October 31, 2014
Page Two

*Iran*, Civil No. 10-483(RCL).[1] That suit involved the *same* plaintiffs, suing for the *same* injuries, from the *same* Hezbollah rocket attacks, under the *same* causes of action. There plaintiffs alleged, as they do here against LCB, that two banks – Bank Saderat Iran ("BSI") and Bank Saderat PLC ("BSLC") – transmitted funds to Hezbollah in Lebanon, thereby facilitating the Hezbollah rocket attacks that caused their injuries during the 2006 war between Lebanon and Israel. Plaintiffs sued both of those banks, as they have LCB, under the Anti-Terrorism Act ("ATA"), 18 U.S.C. §2333(a), the Alien Tort Statute ("ATS"), 28 U.S.C. §1350, and Israeli law.

### A. Judge Lamberth's Rulings and Collateral Estoppel

In a decision dated August 20, 2013, Judge Royce C. Lamberth dismissed the claims against the two banks on grounds that bar plaintiffs from relitigating them here against LCB. Specifically, Judge Lamberth made the following rulings:

(1) Plaintiffs' claims under the ATA failed because the injuries they suffered from the Hezbollah rocket attacks fell under the ATA's act of war exemption.

(2) Plaintiffs' claims under the ATS failed under *Kiobel v. Royal Dutch Petroleum Co.*, 133 S.Ct. 1659 (2013) ("*Kiobel II*"), because claims by the non-American foreign plaintiffs against the foreign bank defendants for the "extraterritorial [rocket] attacks" that took place in Israel and Lebanon did not "touch and concern" the United States "with sufficient force to displace the presumption against extraterritorial application."[2]

(3) Plaintiffs' claims under Israeli law were dismissed under principles of comity and pursuant to 28 U.S.C. §1367.

*Kaplan v. Central Bank of the Islamic Republic of Iran*, 961 F. Supp. 2d 185, 203-06 (D.D.C. 2013).[3]

---

[1] The *Kaplan* complaint is attached hereto as Ex. A.
[2] In addition to the reason stated by Judge Lamberth, Plaintiffs' claims under the ATS must also be dismissed because "the Alien Tort Statute does not provide subject matter jurisdiction over claims against corporations." *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 149 (2d Cir. 2010) ("*Kiobel I*"). As the Second Circuit held just last week in *Mastafa v. Chevron Corp.*, No. 10–5258–cv., 2014 WL 5368853, *8 (2d Cir. Oct. 23, 2014), the Supreme Court in *Kiobel II* did not "question or modify, the holding on corporate liability under the ATS that had formed the central conclusion in the Second Circuit's *Kiobel* opinion."
[3] A copy of the decision is attached hereto as Ex. B.



As counsel of record for the same plaintiffs in both the *Licci* and *Kaplan* actions, Mr. Tolchin was clearly aware of Judge Lamberth's adverse decision and its significance to this case. Under the doctrine of collateral estoppel, dismissal of plaintiffs' claims against the foreign banks in *Kaplan* require dismissal of those same claims against LCB here. As the Supreme Court held in *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 329 (1979), collateral estoppel "precludes a plaintiff from relitigating identical issues by merely switching adversaries" which is exactly what Mr. Tolchin and Plaintiffs have done here. These same plaintiffs had a full and fair opportunity to litigate in the *Kaplan* action (a) whether the rocket attacks met the definition of an act of war under §2331(4)(C) of the ATA and whether their claims were barred by the act of war exemption in §2336 of the ATA, and (b) whether their claims under the ATS for injuries resulting from Hezbollah's rocket attacks survived the Supreme Court's ruling in *Kiobel*. Having lost these claims in *Kaplan*, they should be barred from re-litigating them here.[4]

### B. Violation of NYRPC 3.3(a)(2)

Moreover, Mr. Tolchin's failure to inform the Court of the parallel proceeding and the adverse ruling by Judge Lamberth constitutes a direct violation of New York Rule of Professional Conduct 3.3(a)(2): "A lawyer shall not knowingly . . . fail to disclose to the tribunal controlling legal authority known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel." Mr. Tolchin clearly did not disclose the existence of the *Kaplan* lawsuit or decision in his September 8, 2014 letter to the Court or at any previous time.

Nor was this omission a mere oversight on Mr. Tolchin's part. The *Kaplan* complaint reflects an effort to prevent opposing counsel and the Court from discovering the parallel pleading. When Mr. Tolchin filed the Complaint in *Kaplan* in the District Court of Columbia, he re-ordered the names of the plaintiffs from the previously-filed *Licci* Complaint, replacing Yaakov Licci as the lead plaintiff with Chaim Kaplan, who is the forty-fifth (45th) name in the *Licci* caption. Significantly, Yaakov Licci is identified only as "Y.L." in the *Kaplan* caption and is listed as the thirty-first (31st) plaintiff. Similarly, Mr. Tolchin re-ordered the paragraphs describing the rocket attacks and plaintiffs' injuries so that they would appear differently (Compare *Licci* Compl. ¶¶ 56-112 with *Kaplan* Compl. ¶¶ 56-112).[5] Accordingly, the case as reported, and as it appeared on the District Court docket in Washington, D.C., read as "*Kaplan et al. v. [Defendants]*" rather than "*Licci et al. v. [Defendants].*" It was only when we were reviewing the *Kaplan* decision in preparation for this Court's October 16 conference and

---

[4] Collateral estoppel is one of several grounds that LCB would assert in moving to dismiss the Complaint.

[5] For the Court's convenience, in Ex. A to this letter we have identified next to paragraphs ¶¶ 56-112 of the *Kaplan* Complaint, the parallel allegations from the *Licci* Complaint.



Hon. George B. Daniels
October 31, 2014
Page Four

obtained a copy of the *Kaplan* Complaint that we realized what Mr. Tolchin had done, as well as the full measure of what he had chosen not to disclose to this Court.

### C. Mr. Tolchin's Pattern of Behavior

This is not the first time that Mr. Tolchin has failed to inform a court about his involvement in a parallel proceeding. In connection with *Shatsky v. Palestine Liberation Org.*, Civil Case No. 02-2280 (RJL), a case before Judge Richard J. Leon in United States District Court for the District of Columbia, Mr. Tolchin initiated a proceeding in the Eastern District of New York seeking discovery from a third-party. (*Shatsky*, Memorandum Order (ECF No. 266)). While the Eastern District discovery proceeding was ongoing, fact discovery closed in the D.D.C. proceeding. (*Id.*) Thereafter, Judge Leon "held two status hearings," and noted that, despite the Court's "repeated inquiries about any remaining, outstanding discovery issues," Mr. Tolchin "neglected to mention the E.D.N.Y. subpoena or plaintiffs' motion to compel at either hearing." (*Id.* at 2-3.) When the *Shatsky* defendants thereafter moved for a protective order blocking the third-party discovery, Judge Leon ruled in their favor, citing Mr. Tolchin's "dilatory and unforthcoming conduct" and the fact that his efforts to compel discovery "were marked by repeated delays." (*Id.* at 6.) "I am hard-pressed to interpret this approach," Judge Leon concluded, "as anything other than a tactical move intended to keep this Court in the dark about [plaintiffs'] efforts to secure discovery via a parallel proceeding." (*Id.* at 8.)

Nor was Mr. Tolchin's failure to appear at the October 16, 2014 conference the first time that he has run afoul of the court calendar in this case. (*See, e.g.*, Ltr. of R. Tolchin to Hon. G. Daniels (Feb. 2, 2010) (ECF No. 60) (writing "to respectfully request that the Court accept and consider our tardy response since (i) Amex has already replied to the substance thereof, (ii) the delay was short, and (iii) no harm was caused"); *Licci v. American Express Bank Ltd.*, Docket No. 10-1306 (2d Cir.) ("App. Dkt."), Decl. in Supp. of Mot. to Enlarge (July 28, 2010) (ECF No. 50) ("I had planned to have the appeal finished on time but because of an unexpected hearing that arose in another matter this week I need to move for another 10 days."); App. Dkt., Pls.-Appellants' Consent Mot. for an Enlargement (Dec. 20, 2010) (ECF No. 113-1) (requesting a 30-day enlargement "due to an extremely impacted work schedule . . . exacerbated by the upcoming holidays during which Appellants' counsel's staff will be out of the office."); App. Dkt., Pls.-Appellants' Mot. for a Two Week Enlargement of Time to File Their Reply Brief (Jan. 18, 2011) (ECF No. 120-1) (requesting another extension "[b]ecause of the across-the board disruption to Appellants' counsel's work schedule caused by this surprise overseas work-related travel (which he had no way of anticipating or knowing of in advance)." *See also* App. Dkt., Order (Jan. 25, 2011) (ECF No. 125) (denying this last request for an enlargement).



Hon. George B. Daniels
October 31, 2014
Page Five

In other cases as well, Mr. Tolchin has failed to meet court deadlines or follow court orders. In *Sokolow v. Palestine Liberation Org.*, 04 Civ. 397 (GBD) (RLE) (S.D.N.Y.), Mem. Op. & Order (ECF No. 372), the Court ordered Mr. Tolchin to show cause "why personal sanctions, including under 28 U.S.C. § 1927, should not be imposed upon him for intentionally violating the Protective Order.") In *Barrett v. F.W. Woolworth*, No. 96 CIV.7538(JSM)(AJP), 1997 WL 752416, *1 (S.D.N.Y. Dec. 5, 1997), the court entered a consent order of dismissal, giving the parties 90 days to reinstate the action if the settlement was not finalized. *Barrett*, 1997 WL 752416, at *1. When, more than four months later, Mr. Tolchin "sought a 'nun pro tunc' extension of the 90-day reinstatement period, which had expired some 40 days before," the court sanctioned him:

> This Court is a firm believer that when attorneys, such as Mr. Tolchin here, fail to follow Court scheduling orders and deadlines, there should be a consequence—often a monetary sanction on counsel payable to the Clerk of Court—or deadlines will be meaningless. Rule 60(b) allows relief upon such terms as are just"—and the Court believes that a sanction of $300, payable to the Clerk of Court by Mr. Tolchin within five business days of this Order, is "just" here. (The sanction is not to be passed on to Mr. Tolchin's client.)

*Id.* at *2 (also citing other evidence of "Mr. Tolchin's sloppiness"), *aff'd*, No. 96 CIV. 7538(JSM), 1997 WL 762134 (S.D.N.Y. Dec. 10, 1997) (rejecting Mr. Tolchin's argument that "the failure to effect settlement in 90 days resulted, not from a lack of diligence on his part, but rather from the fact that certain affiants were in Jamaica"). *See also Wald v. Costco Wholesale Corp.*, No. 03 Civ. 6308JSR, 2005 WL 425864, at *5 (S.D.N.Y. Feb. 22, 2005) (after Mr. Tolchin added a second late expert witness "without the slightest permission or authority," Judge Rakoff warned him that he had shown "a blatant contempt for the Court's orders" and that he should consider himself "fortunate that the only sanction will be the exclusion of Dr. Salzberg and his report"); *Rubenstein v. Woodstock Riding Club, Inc.*, 208 A.D.2d 1160, 1161 (3d Dep't 1994) (imposing costs of $500 against Mr. Tolchin because of his failure "to file a timely brief or request an extension, his failure to timely respond to inquiries from the Clerk's office and his failure to file the brief within two weeks as promised").

In sum, Mr. Tolchin's failure both to inform the Court about the adverse decision in *Kaplan* and to appear for the October 16, 2014 conference are not isolated or unique events. They are part of a pattern.



Hon. George B. Daniels
October 31, 2014
Page Six

**Conclusion**

We request that, in light of the decision in *Kaplan* dismissing the undisclosed parallel proceeding brought by these plaintiffs and Mr. Tolchin, the Court set a schedule for the parties to brief dismissal of this lawsuit on collateral estoppel and other grounds and for the imposition of sanctions under Rule 11(b).

Respectfully submitted,

**DLA Piper LLP (US)**

Jonathan D. Siegfried

cc: all counsel (via ECF)