

**DLA Piper LLP (US)**
1251 Avenue of the Americas, 27th Floor
New York, New York  10020-1104
www.dlapiper.com

Jonathan Siegfried
jonathan.siegfried@dlapiper.com
**T**   212.335.4925
**F**   212.884.8477

January 8, 2015

**VIA ECF**

Hon. George B. Daniels
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *Licci, et al. v. American Express Bank Ltd., et al.* **(08-Civ. 7253) (GBD) (MHD)**

Dear Judge Daniels:

      We represent Lebanese Canadian Bank ("LCB") in the above captioned matter.  At the conference held on January 6, 2015, the Court invited us to respond, in writing, to Plaintiffs' argument that, in the event the federal claims are dismissed, the non-federal claims should be remanded to the New York state court rather than dismissed.  We thank the Court for the opportunity to provide a short response and do so here.

      When Plaintiffs wrote the Court last December 9 (ECF No. 77), it appeared that they were requesting that the Court retain jurisdiction of the supplemental state law claims even if the federal claims were dismissed.  As we noted in our response of December 22 (ECF No. 78), Plaintiffs provided no legal authority or compelling argument why the Court should do so, or why it should depart from Judge Lamberth's decision in *Kaplan v. Central Bank of the Islamic Republic of Iran*, 961 F. Supp. 2d 185 (D.D.C. 2013), to dismiss the non-federal claims under 28 U.S.C. § 1367(c)(3) and in the interests of comity.

      At the start of the January 6 conference, the Court indicated that if it dismissed the federal claims, it would, consistent with its discretion under 28 U.S.C. § 1367(c)(3), likely decline to retain jurisdiction over the state law claims, thereby rejecting Plaintiffs' assertion that simply because the case was removed to federal court, the Court was obligated to retain jurisdiction over the state law claims once the federal claims were dismissed.  Indeed, the Court's authority to dismiss the non-federal claims under 28 U.S.C. § 1367(c)(3), as we stated in our December 22 letter, turns on whether the federal claims have been dismissed, not on where the case was originally filed.

      In response, Plaintiffs argued that were the Court to exercise its discretion under 28 U.S.C. § 1367(c)(3), it should remand rather than dismiss the non-federal claims. Plaintiffs' argument appeared to be that the non-federal claims should be returned to where they were



Hon. George B. Daniels
January 8, 2015
Page Two

originally filed, and that remand would avoid the prejudice of a statute of limitations defense were Plaintiffs required to file a new complaint. Both arguments are without merit.

First, when the original complaint was removed by American Express Bank Ltd. ("Amex") to this Court—a removal which was not opposed by Plaintiffs—Plaintiffs amended their Complaint. In their Amended Complaint, Plaintiffs did not just assert new federal claims against LCB, they changed their Israeli law claims against LCB as well. Plaintiffs' original state court Complaint included an Israeli law claim against LCB for vicarious liability. (ECF No. 1-2 at ¶¶ 170-74). In their Amended Complaint, Plaintiffs dropped this claim and asserted a new claim for breach of statutory duty. (ECF No. 23 at ¶¶ 211-23). Plaintiffs are thus asking the Court to remand a claim to state court that was never in state court to begin with. This new state law claim is, procedurally, no different than the state law claims filed by Plaintiffs in *Kaplan*. As Plaintiffs conceded in that case, the Israeli law claims were properly subject to dismissal since they had never been previously been filed in state court. *Kaplan,* 961 F. Supp. 2d at 206.

Second, Plaintiffs' argument of prejudice—that dismissal rather than remand may open the door to a statute of limitations defense as to the existing claims—is also without merit. 28 U.S.C. § 1367(d) provides that where claims are asserted under supplemental jurisdiction, the limitations period "shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." *See also Seabrook v. Jacobson*, 153 F.3d 70, 72 (2d Cir. 1998) ("Section 1367(d) ensures that the plaintiff whose supplemental state claim is dismissed has at least thirty days after dismissal to refile in state court."). Under CPLR 205(a), Plaintiffs will have six months to refile their Israeli law claims if they choose to do so in New York:

> If an action is timely commenced and is terminated . . ., the plaintiff . . . may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period.

CPLR 205(a); *see also Doe v. Harrison*, No. 03 CIV 3943 (DAB), 2006 WL 2109433, at *5 (S.D.N.Y. July 28, 2006) (confirming that the six-month period in CPLR 205(a), and not the 30-



Hon. George B. Daniels
January 8, 2015
Page Three

day period in Section 1367(d), applies in New York when a federal court declines to exercise supplemental jurisdiction over state claims and dismisses).[1]

Finally, we note that in lieu of a dismissal without prejudice under 28 U.S.C. § 1367(c)(3), the Court could, if it so chose, dismiss the non-federal claims with prejudice based upon its prior ruling in this case. The Israeli law claims against LCB mirror, in haec verba, the claims that the Court previously dismissed against Amex. As the Court held in *Licci v. American Exp. Bank Ltd.*, 704 F. Supp. 2d 403, 408-11 (2010), "[b]anks do not owe non-customers a duty to protect them from the intentional torts committed by their customers." *Id.* at 410. "Even if such a duty did exist, the factual allegations in the amended complaint do not support a conclusion that the breach of such a duty was the proximate cause of plaintiffs' injuries." *Id.*

> Even if it were alleged that Hizbollah used some funds it received to carry out the 2006 missile attacks, that factual assertion alone would not make every financial transaction traceable to a Hizbollah-controlled entity, no matter how remote, the proximate cause of those attacks. Under the circumstances alleged, it is not reasonably foreseeable that the routine banking services performed by Amex Bank would result in the death and bodily injuries suffered by plaintiffs in rocket attacks launched at Israel.

*Id.* at 410-11. These very same financial transactions form the basis for Plaintiffs' Israeli law claims against LCB. Given that the Court has already held that Plaintiffs' injuries were not proximately caused by these transactions, dismissal with prejudice of the Israeli law claims against LCB would be warranted.

LCB appreciates that the Court, in the context of the current letters before it, may choose simply to decline jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(c)(3) rather than dismiss them with prejudice on the basis of its prior decision pursuant to Fed. R. Civ. P 12(b)(6). However, should the Court proceed under 28 U.S.C. § 1367(c)(3), the fact that not all of the state law claims against LCB were before the New York court at the time of removal, the fact that Plaintiffs have announced their intention to this Court and to LCB to amend or assert new state law claims (ECF No. 77 at 2), and the fact that Plaintiffs will suffer no prejudice from a dismissal without prejudice should they choose to refile their state law claims, all argue for dismissal under 28 U.S.C. § 1367(c)(3) rather than remand. It will then be Plaintiffs' choice

---

[1] Plaintiffs also claim that they will be burdened by having to re-execute service of process upon LCB. However in 2008, when Plaintiffs originally filed their claims in New York state court, they served LCB by simply sending the Summons and Complaint to it via Federal Express.



Hon. George B. Daniels
January 8, 2015
Page Four

whether to file their state law claims in New York or abroad, what claims, if any, to file, and when to file, should it choose to do so.

                                  Respectfully submitted,

                                  **DLA Piper LLP (US)**

                                  Jonathan D. Siegfried