# THE BERKMAN LAW OFFICE, LLC

111 Livingston Street, Suite 1928
Brooklyn, New York 11201

Tel: (718) 855-3627                                                                                                   Fax: (718) 855-4696

March 16, 2015

**BY ECF**
Hon. George B. Daniels
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

    Re:   *Licci, et al. v. American Express Bank Ltd., et al.*,
           Docket No. 08-cv-07253 (GBD)

Dear Judge Daniels,

    We write on behalf of plaintiffs in response to the letter from defendant Lebanese Canadian Bank ("LCB") concerning the Court's purported lack of subject-matter jurisdiction over plaintiffs' non-federal causes of action. DE 79. LCB claims in that letter that if the Court dismisses plaintiffs' federal causes of action under the Antiterrorism Act ("ATA") and the Alien Torts Statute ("ATS") it will then lack subject-matter jurisdiction over, and should dismiss, plaintiffs' other claims.

    Plaintiffs oppose dismissal of their ATA and ATS claims for the reasons previously briefed. Indeed, as recently as December 19, 2014, the Second Circuit reaffirmed that corporate liability under the ATS remains an open question in this Circuit. *Sikhs for Justice, Inc. v. Nath*, ___ Fed App'x ___, 2014 WL 7232492, at *3 (2d Cir. Dec. 19, 2014) (declining to resolve "whether, under current law, corporate defendants are subject to suit under the ATS").[1]

---

[1] *Cf. Liability Under Alien Tort Statute in the Second Circuit*, Douglas J. Pepe, NEW YORK LAW JOURNAL, February 17, 2015, http://www.newyorklawjournal.com/id=1202717940464/Liability-Under-Alien-Tort-Statute-in-the-Second-Circuit#ixzz3RuBb1GaX, (noting that "on the question of corporate liability under the Alien Tort Statute (ATS) in the U.S. Court of Appeals for the Second Circuit, no one really knows [what the law is]. Not the district judges, not the Second Circuit itself, and certainly not the litigants who continue to expend significant resources addressing the question. Given the continued state of uncertainty surrounding this important question, it may well be time for the Second Circuit to … say what the law is in this circuit once and for all.").

**THE BERKMAN LAW OFFICE, LLC**                                              March 16, 2015
                                                                             Page 2 of 6

However, as shown below: (1) even if the Court dismisses the ATA and ATS claims (which it should not), it still has original federal-question subject-matter jurisdiction over plaintiffs' other claims; and (2) even if the Court finds that it lacks original subject-matter jurisdiction over plaintiffs' other claims, those claims must be remanded to state court and not dismissed.

**1.      The Court Has Original Jurisdiction Over Plaintiffs' Other Claims**

LCB's demand to dismiss plaintiffs' non-federal causes of action under 28 U.S.C. § 1367(c) assumes that those claims are merely "supplemental" causes of action over which this Court does not have original jurisdiction. But that assumption is incorrect. This Court has original federal question jurisdiction over those claims for the reasons set forth in the Notice of Removal filed by defendant American Express Bank. (Exhibit 1). LCB expressly consented to that removal. (Exhibit 2). Having made the strategic decision to consent to removal, LCB is *estopped* from arguing against this Court's subject matter jurisdiction. *See American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 16-17 (1951); *Gingerich v. White Pigeon Community Schools*, 736 F.Supp. 147, 151 (W.D.Mich. 1990) (once a case is properly removed "defendants are estopped from protesting the exercise of that jurisdiction.") (citing *Finn*).

Moreover, in addition to the grounds cited in the Removal Petition, the amended forfeiture complaint and the other proceedings brought by the United States against LCB for its provision of banking services to Hizbollah in violation of numerous U.S. laws—which is the very conduct from which this civil action arises—clearly show that adjudication of plaintiffs' non-federal causes of action raises and require resolution of issues of federal law which place this case firmly within the Court's original jurisdiction—exactly as LCB and Amex Bank recognized when they removed this case. (Exhibits 3, 4). Indeed, it is likely that LCB's consent to removal was informed by its own knowledge—which was then not yet in the public domain—that it was under federal investigation for the conduct alleged in plaintiffs' complaint, and its recognition that that conduct involved "federal questions."

Thus, because this Court has original subject-matter jurisdiction over the other claims, it may not dismiss them even if it dismisses the ATA and ATS claims. The decision in *Gary v. Long*, 59 F.3d 1391 (D.C. Cir. 1995) is exactly on point. In *Gary* the district court dismissed plaintiffs' Title VII claims and then refused to exercise what it termed "*pendent* jurisdiction" over his common law claims for battery, invasion of privacy, and infliction of emotional distress. The Court of Appeals reversed, holding that because "the district court had original jurisdiction over Gary's common law tort claims" it "erred in refusing to hear" those claims. *Id*. at 1392.

So too here: because the Court has original jurisdiction over the other claims—as LCB acknowledged when it endorsed the Removal Petition and as further cemented by the facts set out in the government's forfeiture filings—§ 1367(c) is simply irrelevant here.

**THE BERKMAN LAW OFFICE, LLC**             March 16, 2015
                                                                                         Page 3 of 6

## 2.     Alternatively, the Case Should Be Remanded, Not Dismissed

Alternatively, if the Court both dismisses plaintiffs' ATA and ATS claims for lack of subject-matter jurisdiction as demanded by LCB,[2] and finds that the original removal was improper because the Court does not have original jurisdiction over the non-federal claims, then the Court lacks Article III subject-matter jurisdiction to dismiss the non-federal claims and *must* remand them:

> [N]ot all "pretrial dismissals" affect supplemental claims in the same manner. The vast majority of pretrial dismissals … do not ***affect the trial court's ability to resolve supplemental claims***. But … [i]f the court dismisses plaintiff's federal claims pursuant to Rule 12(b)(1), then supplemental jurisdiction can never exist. A Rule 12(b)(1) dismissal postulates that there ***never was a valid federal claim***. Exercise of jurisdiction on a theory of supplemental jurisdiction would therefore violate Article III of the Constitution, because the original federal claim would not have "substance sufficient to confer subject matter jurisdiction on the court." *Gibbs*, 383 U.S. at 725 … Obviously, a district court has no discretion to exceed the scope of its Article III power.

*Musson Theatrical, Inc. v. Federal Exp.*, 89 F.3d 1244, 1255 (6th Cir. 1996) (emphasis added).

So too here—if this Court finds that it has no original subject-matter jurisdiction over the ATS and ATA claims, or over the non-federal claims, then it lacks Article III jurisdiction "to resolve [the] claims" – by dismissal or otherwise – and must restore the status quo ante by remanding them.

Indeed, 28 U.S.C. § 1441 (governing removal) states explicitly that when state law claims are included in the action being removed and such claims are not within the original or supplemental jurisdiction of the court, "the district court shall sever from the action all [such] claims and ***shall*** remand the severed claims to the State court from which the action was removed." § 1441(c) (emphasis added). Further 28 U.S.C. § 1447 (governing procedure following removal) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case ***shall*** be remanded." § 1447(c) (emphasis added). Those statues are clear and non-discretionary: if the Court dismisses the ATA and ATS claims and finds that it has no original jurisdiction over the other claims, the latter claims must be remanded back to state court.

---

[2] LCB's demand to dismiss the ATS claims for a lack of U.S. nexus and on the grounds that the ATS is not available against corporations, and its demand to dismiss the ATA claims under the "act of war" exception, are all challenges to the Court's subject-matter jurisdiction. *See Mastafa v. Chevron*, 770 F.3d 170, 179 (2d Cir. 2014) (discussing nature of challenges to ATS claims); *Klieman v. Palestinian Auth.*, 424 F. Supp. 2d 153, 162-63 (D.D.C. 2006) (ATA "act of war" exception is a jurisdictional bar); *Biton v. Palestinian Auth.*, 412 F. Supp. 2d 1, 7 (D.D.C. 2005) (same).

THE BERKMAN LAW OFFICE, LLC

March 16, 2015
Page 4 of 6

Furthermore, even if a finding of lack of original jurisdiction over the non-federal claims did not mandate that those claims be remanded (which it does), the circumstances of this case make remand, rather than dismissal, the only appropriate course. In *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, (1988), the Supreme Court held that a district court's decision whether to remand or dismiss non-federal claims should be guided by the values of economy, convenience, fairness, and comity.[3] These factors strongly support remand here, rather than dismissal, for several interrelated reasons:

*First*, the statute of limitations on the plaintiffs' claims (except perhaps for certain minors) has expired, and "a remand generally will be preferable to a dismissal when the statute of limitations on the plaintiff's state-law claims has expired before the federal court has determined that it should relinquish jurisdiction over the case." *Greenman-Perdesen v. Berryman & Henigar*, 2009 WL 2523887 at *8 (S.D.N.Y. 2009) (quoting *Carnegie-Mellon*, 484 U.S. at 351-52); *See also e.g. Hunter v. County of Orleans*, 2013 WL 6081761 at *13 (W.D.N.Y. 2013) ("Were the Court to merely dismiss the case, it is likely that the statute of limitations will have expired on the State claims … Therefore, the Court will exercise its discretion and direct that the remaining State negligence claims be remanded to the New York State Supreme Court."); *Roberson v. Millican*, 2011 WL 6976587 at *3 (N.D. Tex. 2011) *report and recommendation adopted* by 2012 WL 75748 (N.D. Tex. 2012) (same) (noting expired statute of limitations); *O'Brien v. Yugartis*, ___ F. Supp. 3d ___, 2014 WL 4715825 at *6 (N.D.N.Y. Sept. 22, 2014) (remanding rather than dismissing, after considering several factors); *L.A. Draper & Son v. Wheelabrator-Frye*, 735 F.2d 414, 428 (11th Cir. 1984) ("If the statute of limitations had run on [the] state claims while the action in federal court was pending, previous decisions of this court strongly indicate that dismissal of the state claims would be an abuse of discretion.... [W]e conclude that [plaintiff's] inability to obtain a state forum for its claims would render the district court's dismissal of the pendent claims an abuse of discretion."); *cf. Scott v. Long Island Sav. Bank*, 937 F.2d 738, 742 (2d Cir. 1991) (citing *L.A. Draper* favorably).

Thus, because most or all of plaintiffs' claims would be time-barred if they are dismissed rather than remanded, remand is the sole appropriate result if the Court finds that it has no jurisdiction.

LCB's claim that 28 U.S.C. § 1367(d) would protect the plaintiffs from a limitations bar is false and made in bad faith. Section 1367(d) applies only to claims over which the Court has supplemental jurisdiction under § 1367(a). However, as explained above, if the Court dismisses plaintiffs' ATA and ATS claims for lack of subject-matter jurisdiction, then the non-federal claims are not "supplemental" at all. "If the court dismisses plaintiff's federal claims pursuant to Rule 12(b)(1), then supplemental jurisdiction can *never* exist." *Musson Theatrical*, 89 F.3d at 1255 (emphasis in original).

---

[3] The courts of appeals have held that *Carnegie–Mellon* remains in full force following the adoption of 28 U.S.C. § 1367. *Long v. Bando Mfg. of America, Inc.*, 201 F.3d 754, 761 (6th Cir. 2000).

THE BERKMAN LAW OFFICE, LLC						March 16, 2015
											Page 5 of 6

In other words, LCB is trying to manipulate this Court into dismissing the claims, rather than remanding them, so that it can assert a limitations defense when plaintiffs refile them in state court. If LCB were sincere in its assertion that plaintiffs need not fear a limitations defense, it would simply inform the Court and the plaintiffs—here and now—that it will waive any such defense if the case is dismissed and refiled. Or, it would just consent to remand. If the Court takes LCB's bait, these plaintiffs who have already suffered greatly as a result of LCB's behavior will again be its victims.

*Second*, LCB has ceased operations as a result of the U.S. federal forfeiture proceedings. *See* Exhibit 5 at 3 (confirming that LCB "ceased its banking activities, placed itself under liquidation, and, consequently, requested to strike its banking license off of the bank list."). As a result, serving LCB with a summons and complaint in a new action in New York state court will be extremely difficult, if not impossible. At best it will involve months of delay and great expense. There is no reason that these plaintiffs should be forced to face such a risk, expense, or delay.

Here, again: if LCB were acting in good faith, it would agree to accept process in any new suit via counsel. It has not done so because its objective is not to litigate in good faith but rather to avoid liability through machinations. This Court should decline to participate in that gambit.[4]

*Third*, it is the public policy of the United States, as reflected in numerous statutes including the ATA, to enable victims of terrorism to obtain civil damages from the perpetrators and facilitators of that terrorism. And it is against the public policy of the United States to expose victims of terrorism to needless risk of being deprived of their right to exercise those claims—for no reason at all.

*Fourth*, the state and federal courts have already invested an enormous amount of resources in this case. Aside from the extensive investment of time and resources by this Court, the Second Circuit and the New York Court of Appeals have authored several lengthy decisions in this case, affirming plaintiffs' right to pursue their remedies. After all the time spent on this litigation and the decisions authored by the various courts, it would be extremely wasteful of judicial resources to simply dismiss the non-federal claims—with the attendant risk that plaintiffs will be unable to successfully refile and pursue them—rather than simply remand them and allow the reasoned decisions already rendered to be implemented in state court.

\* \* \*

---

[4] To the extent that LCB implies that plaintiffs should refile this suit in some jurisdiction other than New York, its bad faith is all the more pronounced. The only other conceivable jurisdictions are Israel and Lebanon. But LCB has no presence in Israel and plaintiffs and their Israeli counsel are aware of no means of obtaining personal jurisdiction over LCB under Israeli law. And this case obviously cannot be safely, much less fairly, litigated in Lebanon, which is controlled in great part by Hizbollah.

THE BERKMAN LAW OFFICE, LLC	March 16, 2015
	Page 6 of 6

In sum, LCB's request to dismiss the non-federal claims is baseless and should be rejected, and this case should now proceed to discovery and trial.

We are grateful to the Court for its attention to this matter.

Respectfully yours,

Robert J. Tolchin

cc: all counsel of record via ECF