**DLA PIPER**

DLA Piper LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, New York  10020-1104
www.dlapiper.com

Jonathan D. Siegfried
jonathan.siegfried@dlapiper.com
T  212.335.4925
F  212.884.8477

March 18, 2015

<u>VIA ECF</u>

Hon. George B. Daniels
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *Licci, et al. v. American Express Bank Ltd., et al.* (08-Civ. 7253) (GBD) (MHD)

Dear Judge Daniels:

    We represent Lebanese Canadian Bank ("LCB") in the above captioned matter and write in order to briefly respond to plaintiffs' letter filed March 16, 2015 (ECF No. 80). Plaintiffs' letter is presumably a belated response to LCB's letter dated January 8, 2015 (ECF No. 79), and is, for the most part, a rehash of arguments they previously made in their earlier letters to the Court. LCB's response is set out below. For the sake of brevity, we have refrained from repeating our previous arguments at length, but refer the Court to them at ECF Nos. 72, 78 and 79.

**I.    The Court Does Not Have Original Jurisdiction Over Plaintiffs' State Law Claims**

    LCB's consent to removal of this action in 2008 does not mean that the Court now has original jurisdiction over plaintiffs' state law claims. In its Notice of Removal, defendant American Express Bank Ltd. ("Amex") argued that federal jurisdiction was proper in this action because: (1) plaintiffs could have brought their claims under the Anti-Terrorism Act, 18 U.S.C. § 2333(a) ("ATA"), and (2) plaintiffs' breach of statutory duty claims referenced obligations under the ATA. (Def. Amex's Notice of Removal (Aug. 15, 2008) (ECF No. 1).) It has since been decided, however, that plaintiffs' allegations cannot support a claim under the ATA and do not otherwise raise a federal question. *Kaplan v. Central Bank of the Islamic Republic of Iran*, 961 F. Supp. 2d 185, 203-06 (D.D.C. 2013) (dismissing ATA claims by these same plaintiffs pursuant to the ATA's act of war exemption). Accordingly, even if there was an independent basis for federal jurisdiction over plaintiffs' state law claims in 2008, it has been disposed of. Any jurisdiction over those claims is thus supplemental, not original, and subject to dismissal pursuant to 28 U.S.C. § 1367(c)(3).

    While plaintiffs argue that LCB is estopped from arguing against subject matter jurisdiction in this matter because it consented to removal, the cases to which they cite state



Hon. George B. Daniels
March 18, 2015
Page Two

precisely the opposite. In *Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 16-17 (1951), the court held that while the defendant had removed the case to federal court, there was a lack of complete diversity and thus no basis for original jurisdiction. *Id.* Accordingly, despite defendant's removal, remand was necessary to prevent the "wrongful extension of federal jurisdiction." *Id.* at 17. Likewise, in *Gingerich v. White Pigeon Cmty. Sch.*, 736 F. Supp. 147, 151 (W.D. Mich. 1990), the court held that "[d]efendants may challenge a federal court's jurisdiction even though they removed the case to federal court in the first place," and that "[t]o rule otherwise would impermissibly allow litigants to expand federal jurisdiction by consent."[1] In other words, even if LCB had previously argued that this Court had original jurisdiction—which it did not—it could not by consent convey subject matter jurisdiction where none existed.[2] *Creaciones Con Idea, S.A. de C.V. v. Mashreqbank PSC*, 232 F.3d 79, 82 (2d Cir. 2000) ("principles of estoppel do not apply to questions of subject matter jurisdiction"); *Wynn v. AC Rochester*, 273 F.3d 153, 157 (2d Cir. 2001) ("Even where the parties are satisfied to present their disputes to the federal courts, the parties cannot confer subject matter jurisdiction where the Constitution and Congress have not."); 13 Fed. Prac. & Proc. Juris. § 3522 (3d ed.) ("parties cannot waive lack of subject matter jurisdiction by express consent, or by conduct, or even by estoppel" because "[t]he subject matter jurisdiction of the federal courts is too fundamental a concern to be left to the whims and tactical concerns of the litigants").

## II.     Dismissal With Prejudice is Appropriate

It is well-settled that when all bases for federal jurisdiction have been eliminated from a case so that only pendent state claims remain, the federal court should dismiss the state claims too. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well"); *Oneida Indian Nation of N.Y. v. Madison Cnty.*, 665 F.3d 408, 436–37 (2d Cir. 2011) ("we have repeatedly said that if a plaintiff's federal claims are dismissed before trial, the state law claims should be dismissed as well" (quotations and citations omitted)).

Plaintiffs cite *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343 (1988) to argue that this case should be remanded rather than dismissed with prejudice, but they completely misconstrue the holding in that case. Indeed, *Cohill* does not even address the issue of remand vs. dismissal, but rather the factors that courts should consider in deciding whether or not to exercise supplemental jurisdiction over pendant state law claims at all. There is thus nothing in *Cohill* or its progeny suggesting that remand of this case is an appropriate course of action.

---

[1] In *Gingerich*, the defendants' jurisdictional argument failed only because the remaining claims were "properly before th[e] court on federal question jurisdiction." *Id.*

[2] Plaintiffs' reliance on *Gary v. Long*, 59 F.3d 1391 (D.C. Cir. 1995), is misplaced. In that case, the federal court had original jurisdiction over plaintiff's common law tort claims only because District of Columbia law permits federal courts to hear cases brought against the Washington Metropolitan Area Transit Authority. *Id.* at 1399.



Nor does *Cohill* suggest that the Court should exercise supplemental jurisdiction over the remaining state law claims in this matter. "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Cohill*, 484 U.S. at 350. Indeed, in addressing nearly identical claims by the same plaintiffs, Judge Lamberth has already held that "[p]rinciples of comity indicate that these claims under Israeli law are best addressed by Israeli courts." *Kaplan*, 961 F. Supp. 2d at 205-06; *Gibbs*, 383 U.S. at 726 ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."). Moreover, given plaintiffs' position on the Amex appeal that its state law claim to hold a bank liable for the activities of its customers presents a novel issue under New York choice of law, it is more appropriate and fair for a state court to hear this case. *Oneida Indian Nation*, 665 F.3d at 437 ("declining to exercise jurisdiction after all original-jurisdiction claims have been dismissed is especially appropriate where the pendent claims present novel or unsettled questions of state law"). And given that discovery has not even started in this matter, there will be no cognizable harm if plaintiffs are required to refile their complaint.[3] There is thus no compelling reason to maintain this case in federal court if the federal claims are dismissed.[4]

          Respectfully submitted,

          **DLA Piper LLP (US)**

          Jonathan D. Siegfried

cc: all counsel (via ECF)

---

[3] Plaintiffs' concerns about the applicable statute of limitations are fully addressed by LCB in its letter to the Court filed on January 8, 2015 (ECF No. 79) and need not be repeated here, as is LCB's position on the ATS claims. Nothing in *Sikhs for Justice, Inc. v. Nath*, No. 14-17240-cv, 2014 WL 7232492, at *3 (2d Cir. Dec. 19, 2014), cited by plaintiffs, changes the fact that *Kiobel I* has not been overruled and that, absent an en banc reversal by the Second Circuit, it remains binding on this Court.

[4] In fact, for the reasons set out in LCB's letter filed on January 8, 2015 (ECF No. 79), the Court could just as easily decide to dismiss plaintiffs' non-federal claims with prejudice. The Court has already held that it was "not reasonably foreseeable that the routine banking services" at issue in this matter "would result in the death and bodily injuries suffered by plaintiffs in rocket attacks launched at Israel." *Licci v. American Exp. Bank. Ltd.*, 704 F. Supp. 2d 403, 411 (S.D.N.Y. 2010). Therefore, the Court has already determined that plaintiffs are unable to prove causation, an essential element of their non-federal claims.