F16SLICC

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

YAAKOV LICCI, et al.,

                Plaintiffs,

           v.                              08 Civ. 7253

AMERICAN EXPRESS BANK, et al.,

                Defendants.

------------------------------x
                                        New York, N.Y.
                                        January 6, 2015
                                        10:30 a.m.
Before:

                HON. GEORGE B. DANIELS,

                                        District Judge

                      APPEARANCES

THE BERKMAN LAW OFFICE, LLC
     Attorneys for Plaintiffs
BY:  ROBERT TOLCHIN

DLA PIPER, LLP
     Attorneys for Defendant Lebanese Canadian Bank
BY:  JOSHUA D. ARISOHN
     JONATHAN D. SIEGFRIED
```

1            (Case called)
2            THE COURT:  Good morning.  I just received the reply a
3   couple weeks ago just before Christmas.  I am not prepared to
4   rule today.  I don't know how you wanted to proceed, if you
5   wanted to finish reviewing the papers and take it fully
6   submitted and decide it, or whether you wanted to discuss it
7   further.  I am not sure.  I read the initial papers, but I just
8   have not read the file reply.
9            MR. TOLCHIN:  Who are you addressing?  Are you
10  addressing me?
11           THE COURT:  Both.
12           MR. TOLCHIN:  The issue, as I understand it, is
13  whether the defendant may make a motion.  I am content.
14           THE COURT:  The issue for me is whether or not the
15  case is precluded because the claims were dismissed in another
16  litigation.
17           MR. TOLCHIN:  Obviously the state nonfederal claims
18  are not precluded, because those are --
19           THE COURT:  I am not going to litigate the nonfederal
20  claims here.
21           MR. TOLCHIN:  That's fine.  The case began --
22           THE COURT:  Tell me about the nonfederal claims.  For
23  the state claims, then you go to state court.
24           MR. TOLCHIN:  We filed this case in state court and it
25  was removed here.  We only added the federal claims after it

1    was removed.  Even if the federal claims -- we don't agree that
2    the federal claims are precluded, but even if they were, the
3    case doesn't get dismissed.  It simply, at most, would get
4    remanded back to where it came from.
5            THE COURT:  Let me just quickly here from
6    Mr. Siegfried.  I am not quite sure what it is practically you
7    want to do.  You removed it here and you say that federal
8    claims were precluded.  Why are we here and what do you want?
9    You want to go back to state court, or what do you want to be
10   done?
11           MR. SIEGFRIED:  Are you addressing me?
12           THE COURT:  Yes.
13           MR. SIEGFRIED:  Your Honor, actually, just as a
14   technical matter, they did file this case in state court.  I
15   believe it was AmEx who actually removed the case to federal
16   court.
17           THE COURT:  Right.
18           MR. SIEGFRIED:  At that point, I believe Mr. Tolchin
19   asserted these federal claims, which as we now know they're
20   not.  When we previously wrote you, we thought there was one
21   case.  It turns out there were three other cases that he filed
22   on the same claims.  All of them have been dismissed.  This is
23   the last one.  We think it should be dismissed.
24           As to the supplemental state law claims, we think that
25   you simply should follow what Judge Lambert did in the D.C.

1    circuit.  He said once the federal claims are gone, I have no
2    further jurisdiction over this.  He said, as a matter of
3    comity, since Israeli state law claims, they properly belong in
4    the Israeli courts.  That is ultimate Mr. Tolchin's decision.
5    What he does next after we all leave here is his move.
6              THE COURT:  You are clearly not seeking a remand.
7              MR. SIEGFRIED:  No.
8              THE COURT:  You just want a dismiss of the federal
9    claim.
10             MR. SIEGFRIED:  That's correct.
11             THE COURT:  That's it.  You don't want me to address
12   the related nonfederal claims?
13             MR. SIEGFRIED:  No.  I think you just dismiss them
14   without prejudice, I guess, and then he decides what he wants
15   to do with them.  That would be the appropriate result.
16             THE COURT:  Did you intend to submit something further
17   on that, or do you intend to rely on the papers as submitted?
18             MR. SIEGFRIED:  I think you're referring to the letter
19   we wrote on December 22.  I think that contains our full
20   position, your Honor.
21             THE COURT:  All right.
22             MR. SIEGFRIED:  We are happy for you to decide on
23   papers at this point.
24             THE COURT:  Mr. Tolchin, how did you want to proceed
25   in terms of resolution?

1  MR. TOLCHIN:  Your Honor, I am happy for you to decide
2  on the papers.  I, just being a lawyer, I can't let one thing
3  go unresponded.
4  THE COURT:  Sure.
5  MR. TOLCHIN:  The case in Washington was started in
6  federal court.  Judge Lambert dismissed the federal complaints
7  and then he said, I am not going to exercise supplemental
8  jurisdiction.  Your Honor knows that's an issue of discretion
9  when you dismiss the federal claims.
10 THE COURT:  Right.
11 MR. TOLCHIN:  This case doesn't go that way.  This
12 case began in state court and was removed.  And he says AmEx
13 removed it.  Your Honor knows that you need to have consent of
14 all defendants to remove.
15 THE COURT:  Why would that matter?
16 MR. TOLCHIN:  It matters because your Honor doesn't
17 have the discretion to say I am dismissing the state law claims
18 because I choose not to exercise discretion.  The only thing
19 you could do is either keep them or remand the case back to
20 state court where it started from.  It is not a question of
21 dismiss them and maybe I'll go start them somewhere else.
22 They were removed here because the defendants said
23 there are federal issues involved.  And if the court feels
24 that, after dealing with federal claims, there is no more
25 federal issues, then the only option is to keep it and hear the

1    state claims or remand it to state court.  Dismissal is not an
2    option.  And as far as this is all laid out in my papers,
3    but...
4           THE COURT:  I will look at it carefully.  I am not
5    quite sure that I technically agree with that.  That would be
6    true if this had been your opposition to the removal.  This is
7    not your opposition to the removal.  The case was removed.
8           MR. TOLCHIN:  Okay.
9           THE COURT:  I did have jurisdiction over the case.
10   The question now is they have an application to dismiss the
11   federal claims.  No, it is not necessarily the only
12   alternative, if I dismiss the federal claims, that I am
13   supposed to remand it.
14          MR. TOLCHIN:  Let me put it --
15          THE COURT:  I don't know where you get that.
16          MR. TOLCHIN:  Let me put it rhetorically.  If I
17   started the case in state court years ago, I get the benefit of
18   the filing date, I get the benefit of the service of process,
19   statute of limitations is tolled as of then.
20          Now, what he is trying to sell is that here we are
21   years and years later through a whole process only addressing
22   the federal claims, now he wants to persuade the court to
23   dismiss the federal claims and then say I don't want -- I,
24   federal court, don't want to exercise supplemental
25   jurisdiction, so I am going to dismiss this, and if plaintiff

wants to start the case again in state court, go ahead and do that.  That is just not right.

We started the case in state court.  We should not be penalized with a new filing date years later, the onerous burden of serving these people with process again.  I think that based on what your Honor said, that the case wasn't remanded.  Perhaps I am rethinking, but the rethinking that I might be rethinking is maybe you don't even have discretion anymore to say I am not exercising jurisdiction over the state law claims.

THE COURT:  I always have discretion to say I am not exercising discretion of over state law claims when all federal claims are dismissed.

MR. TOLCHIN:  I said it is a beginning of a thought.  It is not something I researched.  But to dismiss the case rather than remanding it back to where it came from, so it can continue the way it was before the defendants started this junket to federal court, that I think would frankly be an abuse of discretion.

THE COURT:  I don't remember whether that was the nature of your request in the papers.

MR. TOLCHIN:  That's exactly what we said in our papers.  That's exactly what we said.

THE COURT:  Let me look at that.  Look, the fact is that I agree with you that if I am only addressing the state

1    law claims, that I should take no action that would prejudice
2    you from continuing your nonfederal claims in the appropriate
3    forum.  If that means giving you an opportunity for 30 days to
4    refile or remanding it or just dismissing it and letting you
5    make a decision as to what you want to do with it, that is up
6    to you.  I assume you're saying you made the decision that if
7    the federal claims are dismissed, that you would like to go
8    back and continue in the state court.
9             MR. TOLCHIN:  I should point one thing out too.  When
10   the case was removed, the case was only state law claims.  They
11   removed it --
12            THE COURT:  I understand.
13            MR. TOLCHIN:  -- on the assertion that there is -- not
14   because there were federal claims, no action under the
15   anti-terrorism act or anything like that.  But they said the
16   defenses or issues in the case were of a federal nature.
17            THE COURT:  Right.
18            MR. TOLCHIN:  Even if the federal claims that we added
19   later were dismissed, those things that they represented were
20   in the case, they're still here.
21            THE COURT:  I know, but the complication that you
22   create is that you added the federal claims.
23            MR. TOLCHIN:  Okay.
24            THE COURT:  That undermines the basic premise of your
25   argument that this was remanded.  This is not the case that was

1  removed.  The case that was removed did not have the federal
2  claims.  You added the federal claims --
3              MR. TOLCHIN:  For sure.
4              THE COURT:  -- when you got here if you hadn't added
5  the federal claims, it possibly would be a little different.
6              MR. TOLCHIN:  For sure, but it wasn't removed to --
7  the assertion of federal jurisdiction was not because of those
8  federal claims.
9              THE COURT:  I know.
10             MR. TOLCHIN:  It was because of defenses.
11             THE COURT:  The appropriate procedure would have been
12 to move to oppose the remand.
13             MR. TOLCHIN:  Oppose the removal.
14             THE COURT:  Oppose the removal and ask for a remand
15 back at that point.  My recollection is -- and I have a vague
16 recollection of going up and down the circuit -- but my
17 recollection is that is not what happened.  What happened is
18 that they removed it, said there was federal jurisdiction, you
19 disagree, but you added federal claims.
20             MR. TOLCHIN:  Right.
21             THE COURT:  So once you add --
22             MR. TOLCHIN:  Once we saw we were here.
23             THE COURT:  But that that doesn't preserve your right
24 to say now I get to remand it.  Any remand request is no longer
25 timely or appropriate since you have now amended your complaint

Case 1:08-cv-07253-GBD   Document 82   Filed 03/26/15   Page 10 of 20     10
F16SLICC

1   to file a federal action in this case.  The case that is before
2   me now was not removed.  The case that is before me now with
3   federal claims was brought by you.
4           MR. TOLCHIN:  If you do dismiss the federal claims,
5   then we would be back to nothing but the case that was removed.
6           THE COURT:  No.  We would be in a circumstance that I
7   now have a federal case where the federal claims were dismissed
8   that had been brought by the plaintiffs, and now I only have a
9   case brought by the plaintiffs in this court that has state law
10  claims that remain.  As I said, that is a little different.
11          Your posture is closer to, I filed a complaint in this
12  court which asserted both federal and state claims.  Now the
13  court dismissed the federal claims.  Under that posture, you
14  don't say, well, then necessarily I am entitled to have you
15  remand it to the state court to decide if there are state
16  claims.  That's not the way it works.
17          MR. TOLCHIN:  I still would suggest that, even if you
18  look at it that way, it is still a much more sound exercise of
19  discretion to send it back rather than -- it doesn't serve
20  justice in any way to dismiss the case and say, go refile,
21  especially since there would be a time penalty, a very
22  substantial time penalty.
23          THE COURT:  I am not sure there would be a penalty.
24          MR. TOLCHIN:  Statute of limitations has been running
25  every day.

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1            THE COURT:  I don't know if the statute limitations
2    has --
3            MR. TOLCHIN:  Unless the new filing would be deemed to
4    relate back to the original filing date.
5            THE COURT:  Well, I don't know that.
6            MR. TOLCHIN:  Right.
7            THE COURT:  This case was pending.  If that is all in
8    your papers --
9            MR. TOLCHIN:  That's in my papers.
10           THE COURT:  -- we will look at that specifically.
11           MR. TOLCHIN:  There is other things I could say, but
12   it's all in my papers.
13           THE COURT:  The first question is, do I agree with
14   them that Judge Lambert's decision to preclude the federal
15   claims.  If I do, then the federal claims are dismissed.
16           MR. TOLCHIN:  Okay.
17           THE COURT:  Then the question is whether or not the
18   appropriate thing is to dismiss or remand the cause of action
19   to the state, the nonfederal claims to the state court.  There
20   may be a permissible solution.
21           MR. TOLCHIN:  There is just one thing that I would
22   like to underscore that there is something that was said in the
23   reply papers.  One of the reasons we said that Judge Lambert's
24   decision was not controlling is that it is a district court
25   decision.  The case is still pending.  The time to appeal

1  hasn't expired.
2            What was said, as I read the reply papers, it seems
3  that Mr. Siegfried says, Oh, it has been however many months,
4  if we wanted to appeal, we could have already.  This isn't
5  true.  The case is still pending against other defendants.
6            THE COURT:  Yes, but I don't think that that changes
7  the nature of either collateral estoppel or arguments with
8  regard to --
9            MR. TOLCHIN:  We would give you our case law why we
10 don't believe collateral estoppel has attached yet.  I just
11 wanted to point out it is not true what he said in the papers.
12           THE COURT:  You say collateral estoppel doesn't attach
13 yet.
14           MR. TOLCHIN:  Because it is not a final decision.
15           THE COURT:  Because a final order has not been issued?
16           MR. TOLCHIN:  No, a final judgment been ordered.
17           THE COURT:  There is no final judgment.  There is a
18 final decision.
19           MR. TOLCHIN:  He made an order.
20           THE COURT:  He dismissed the claims.
21           MR. TOLCHIN:  He dismissed the claims.  We lay out for
22 you why we believe that decision is an outlier.
23           THE COURT:  That is not my issue.  On the substance, I
24 am not debating what Judge Lambert decided.
25           MR. TOLCHIN:  I don't mean to argue it right now.  I

1   am just giving you a sketch.  We say that argument is an
2   outlier.  We give you other courts that decided the same issue
3   differently, and we point out that because that case is still
4   pending against other parties, final judgment hasn't entered,
5   and we have not yet had an opportunity to appeal that order.
6   We can't appeal until the end of the whole case.
7            THE COURT:  But the appeal has nothing to do with
8   whether or not it is decided by the court and whether you had a
9   full opportunity to litigate that issue, and you lost on that
10  issue.
11           MR. TOLCHIN:  I would respectfully disagree.
12           THE COURT:  Most lawyers want to argue to me, Judge, I
13  should wait until you go to the court of appeals, then you go
14  to the Supreme Court, and then you go to God say for final
15  judgment.  You know it is a final judgment when the court says,
16  no, that is it.  It is done.  I don't care what you do after
17  that.  That's up to you.
18           MR. TOLCHIN:  I respectfully disagree.  The cases that
19  we cite in our letter say that what you said that a full
20  opportunity to litigate the issue.  The word full means until
21  the end.
22           THE COURT:  Right, but you're no longer litigating
23  that issue. that's the problem.  You're not in the district
24  court.
25           MR. TOLCHIN:  No, we aren't.

1   THE COURT:  Right.  That is what the litigation is
2 supposed to be.  The litigation is not the appeal.  That is not
3 the case law.  The case law doesn't stand for that position.
4   MR. TOLCHIN:  It doesn't become controlling --
5 obviously we have to live with that decision.  If, your
6 Honor --
7   THE COURT:  You can't ask me to make a contrary
8 decision on the same issue that another judge has already ruled
9 against you.  That is the basic premise.
10   MR. TOLCHIN:  I respectfully disagree.  You can,
11 because that other decision maybe at this point is persuasive
12 authority perhaps, but you can't say that it is binding so that
13 it stops us from arguing otherwise because it has not reached
14 its full conclusion.
15   THE COURT:  It is a tough argument to make that you
16 decided that you want to litigate the same issues with the same
17 parties in different jurisdictions.
18   MR. TOLCHIN:  No, different parties.
19   THE COURT:  You want to wait to see which one you can
20 get to rule in your favor.
21   MR. TOLCHIN:  That's not fair, Judge.
22   THE COURT:  It is not fair, but that is the practical
23 effect.  You have litigated this issue in a district court.
24 You now want to relitigate this issue in a different district
25 court --

F16SLICC

1             MR. TOLCHIN:  Correct.

2             THE COURT:  -- before a different judge.

3             MR. TOLCHIN:  Correct.

4             THE COURT:  A judge has already decided that issue.

5    That puts you in a tougher position to argue that somehow it is

6    not decided adversely against you.

7             MR. TOLCHIN:  I suppose that the technicality -- and

8    one of the cases we cite talks about this, you will see it in

9    the letter -- the technicality is when you say that we are not

10   litigating it in the district court in Washington, technically

11   that's not really right.  Yes, there has been an order, but the

12   case is not over until the judgment is entered.

13            THE COURT:  I understand that.

14            MR. TOLCHIN:  That is in a limbo land between the

15   order and the judgment.

16            THE COURT:  There is no such thing as limbo land.  It

17   is either in the district court under the district court's

18   jurisdiction or it is in the circuit court.

19            MR. TOLCHIN:  It is in the district court.

20            THE COURT:  The district court has ruled on that

21   issue, so that issue is no longer being considered by the

22   district court.

23            MR. TOLCHIN:  Correct.

24            THE COURT:  You are not litigating it.

25            MR. TOLCHIN:  Correct, but it is because it is not

1    final.  It does not yet create an estoppel barring my clients

2    from arguing elsewhere that it is wrong.

3             THE COURT:  I will look.

4             MR. TOLCHIN:  If the time to expire runs out, the

5    judgment is entered, we don't file a timely notice of appeal if

6    we appeal and lose, I agree with you.

7             THE COURT:  I will look at the case law you rely upon

8    for that proposition, but that is not my understanding of the

9    law.  My understanding of the law doesn't make a difference

10   whether you have a final judgment on that issue.  If you're

11   litigating that issue and you have gotten a final ruling from

12   that court, you have gotten a ruling from that court denying

13   that motion, you can't go to another court and say, I don't

14   like that ruling, I want you to give me a different ruling.

15   That is just not the basic rule.

16            You may say there is an exception to that rule.  The

17   rule is basically, if you litigate in one court and you get an

18   adverse decision by that court, whether it is a final judgment

19   or not, you can't now go to a different court and say, I don't

20   like that adverse decision, would you give me a different

21   decision on the same issue between the same parties that we

22   already got an adverse ruling from a different court.

23            MR. TOLCHIN:  I would agree with you if we are talking

24   about the time after appellate time runs out or after the

25   appeal is lost.

1          THE COURT:  I don't see anything in the case law that
2     has anything to do with whether the appellate time --
3          MR. TOLCHIN:  The cases are in my letter.
4          THE COURT:  I will look at that.
5          MR. TOLCHIN:  Thank you.
6          THE COURT:  I understand your position.
7          Mr. Siegfried, if you want to quickly respond by
8     letter to their position, just the substance of the issue, if
9     you want to respond by letter quickly with regard to whether or
10    not this case should be remanded or not remanded and why that
11    would be appropriate or inappropriate, you can submit a letter
12    on that.  If I agree with you on the fact that they have
13    already raised this issue, this legal issue has been decided by
14    Judge Lambert, then the parties are bound by that decision
15    until and unless that decision is overturned.
16         My initial reaction would be, unless the case law
17    convinces me otherwise, that it is not within my authority to
18    set aside Judge Lambert's decision whether it is a final
19    decision or not.  It is ultimately the circuit's decision as to
20    whether or not Judge Lambert was correct when he ruled.  Now,
21    whether the circuit is going to decide that now or after a
22    final judgment or interlocutory appeal, that is not my issue.
23         MR. SIEGFRIED:  In fact, your Honor, I would say that
24    is definitely not the law of this circuit.  He actually doesn't
25    cite the Second Circuit cases in that part of his argument.  I

1  think your Honor correctly stated the law.  You will see that
2  in our papers.
3        I think we address the 1367 issue, which is simply
4  once the federal claims are gone, it is simply to decline
5  jurisdiction not to remand.  1367 doesn't turn upon where a
6  matter stands.  I will review, since it seems to really be the
7  final argument, let me review and take your gracious offer and
8  review the argument that we made on this point, and if there is
9  anything further to add, we will try to submit a letter in fact
10 this week.
11       THE COURT:  I would agree with Mr. Tolchin, that
12 unless you can convince me otherwise, that there is nothing
13 that would preclude me from remanding.  You may argue that it
14 is not the appropriate exercise of discretion in this
15 circumstance, but I am not sure that it would be beyond my
16 authority to remand the case to the state court.
17       MR. SIEGFRIED:  I would also again urge you, in this
18 context, to take a look at Judge Lambert's point about the
19 interest of comity here so that we will point it out again.
20 These were the Israeli state law claims which you recall you
21 dismissed.  Those were asserted against AmEx and us.  You
22 actually reached that issue on the AmEx point and dismissed.
23 That was affirmed.
24       I think the question about whether he should bring
25 this case, if it is to proceed, is an open issue and therefore

1  I suggest the discretion might best be to say I am not putting
2  my finger on the scale of that at all.  I decline to exercise
3  the supplemental jurisdiction.  Mr. Tolchin, if you want to go
4  to the state court and make the arguments there and why it
5  should then be transferred, fine.  If you want to go the
6  Israeli courts, wherever you want to go, that is your decision.
7  It is simply not something, other than what Judge Lambert
8  pointed out, a decision that the court needs to make.
9             THE COURT:  Again, I think that that doesn't
10 necessarily resolve the issue for me, because ultimately it is
11 the state court's decision, not my decision, as to whether or
12 not this is an appropriate case for the state court.  I know
13 what Judge Lambert was alluding to.  I am sure Judge Lambert
14 wants to agree.  If state court wants to take it, that's their
15 business.  It is not up to me.  This case is a little different
16 posture.  It was originally in state court and those weren't
17 the issues that were raised in state court at the time.  It was
18 simply a remand.
19            MR. SIEGFRIED:  It is.  One of the things -- again, I
20 don't want to say something that would be incorrect.  I have a
21 vague recollection that actually Mr. Tolchin agreed with AmEx
22 to the removal.  I may be wrong about that.
23            THE COURT:  I don't have the full recollection either.
24 I do have the recollection that it got here.  There was a
25 dispute about whether or not there was any federal

F16SLICC

1   jurisdiction, but that issue went away when Mr. Tolchin filed
2   an amended complaint asserting federal claims.
3            MR. SIEGFRIED:  Absolutely.  I will take a look at
4   that.  If we can submit a supplemental letter.
5            THE COURT:  This is helpful.  If you want to submit
6   something quickly, you can.  I think your papers are fairly
7   complete.  I didn't look at the reply.  I think my recollection
8   is you made most of those points.
9            MR. TOLCHIN:  Thank you, your Honor.
10           MR. SIEGFRIED:  I don't believe, your Honor, that any
11  of the cases that he actually cites talk about the issue about
12  the authority he is suggesting.
13           THE COURT:  Okay.
14           MR. SIEGFRIED:  We will take a look at that.  Thank
15  you, your Honor.
16           MR. TOLCHIN:  Thank you.
17           THE COURT:  Thank you, all.
18                              o0o