15-1580
*Licci et. al. v. Lebanese Canadian Bank, SAL*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of August, two thousand sixteen.

PRESENT: ROBERT D. SACK,
 RICHARD C. WESLEY,
 GERARD E. LYNCH,
  *Circuit Judges.*

_____

YAAKOV LICCI, a minor, by his father and natural guardian Elihav Licci and by his mother and natural guardian Yehudit Licci, et al., ELIHAV LICCI, YEHUDIT LICCI, TZVI HIRSH, ARKADY GRAIPEL, TATIANA KREMER, YOSEF ZARONA, TAL SHANI, SHLOMO COHEN, NITZAN GOLDENBERG, RINA DAHAN, RAPHAEL WEISS, AGAT KLEIN, TATIANA KOVLEYOV, VALENTINA DEMESH, RIVKA EPON, JOSEPH MARIA, IMMANUEL PENKER, ESTHER PINTO, AVISHAI REUVANCE, ELISHEVA ARON, CHAYIM KUMER, SARAH YEFET, SHOSHANA SAPPIR, RAHMI GUHAD GHANAM, a minor, by his father and natural guardian Fuad Shchiv Ghanam and

by his mother and natural guardian Suha Shchiv Ghanam, FUAD SHCHIV GHANAM, individually, SUHA SHCHIV GHANAM, individually, MA'AYAN ARDSTEIN, a minor, by her father and natural guardian, Brian Ardstein, and by her mother and natural guardian, Keren Ardstein, NOA ARDSTEIN, a minor, by her father and natural guardian, Brian Ardstein, and by her mother and natural guardian, Keren Ardstein, NETIYA YESHUA ARDSTEIN, a minor, by her father and natural guardian, Brian Ardstein, and by her mother and natural guardian, Keren Ardstein, ARIEL CHAIM ARDSTEIN, a minor, by her father and natural guardian, Brian Ardstein, and by her mother and natural guardian Keren Ardstein, BRIAN ARDSTEIN, individually, KEREN ARDSTEIN, individually, MARGALIT RAPPEPORT, a minor, by her mother and natural guardian, Laurie Rappeport, LAURIE RAPPEPORT, individually, ORNA MOR, YAIR MOR, MICHAEL FUCHS, ESQ., MUSHKA KAPLAN, a minor, by her father and natural guardian Chaim Kaplan, and by her mother and natural guardian Rivka Kaplan, ARYE LEIB KAPLAN, a minor, by his father and natural guardian Chaim Kaplan, and by his mother and natural guardian Rivka Kaplan, MENACHEM KAPLAN, a minor, by his father and natural guardian Chaim Kaplan, and by his mother and natural guardian Rivka Kaplan, CHANA KAPLAN, a minor, by her father and natural guardian Chaim Kaplan, and by her mother and natural guardian Rivka Kaplan, EFRAIM LEIB KAPLAN, a minor, by his father and natural guardian Chaim Kaplan and by his mother and natural guardian Rivka Kaplan, CHAIM KAPLAN, individually, RIVKA KAPLAN, individually, ROCHELLE SHALMONI, OZ SHALMONI, DAVID OCHAYON, YAAKOV MAIMON, MIMI BITON, MIRIAM JUMA'A, as personal representative of the estate of Fadya Juma'a, MIRIAM JUMA'A, individually, SALAH JUMA'A, as personal representative of the estate of Samira Juma'a, SALAH JUMA'A, individually, SAID JUMA'A, individually, ABD EL-RAHMAN JUMA'A, as personal representative of the estate of

Samira Juma'a, ABD EL-RAHMAN JUMA'A, individually, RAHMA ABU-SHAHIN, ABDEL GAHNI, as personal representative of the estate of Soltana Juma'a and individually, SHADI SALMAN AZZAM, as the personal representative of the estate of Manal Camal Azam, KANAR SHA'ADI AZZAM, a minor, by his father and natural guardian, Shadi Salman Azzam, ADEN SHA'ADI AZZAM, a minor, by his father and natural guardian, Shadi Salman Azzam, SHADI SALMAN AZZAM, individually, ADINA MACHASSAN DAGESH, ARKADY SPEKTOR, YORI ZOVREV, MAURINE GREENBERG, JACOB KATZMACHER, DEBORAH CHANA KATZMACHER, CHAYA KATZMACHER, MIKIMI STEINBERG, JARED SAUTER, DANIELLE SAUTER, YAAKOV ABUTBUL, ABRAHAM NATHAN MOR, a minor, by his father and natural guardian, Zion Mor, and by his mother and natural guardian, Revital Mor, BAT ZION MOR, a minor, by her father and natural guardian, Zion Mor, and by her mother and natural guardian, Revital Mor, MICHAL MOR, a minor, by her father and natural guardian, Zion Mor, and by her mother and natural guardian, Revital Mor, ODED CHANA MOR, a minor, by her father and natural guardian, Zion Mor, and by her mother and natural guardian, Revital Mor, ZION MOR, individually, REVITAL MOR, individually, ADHAM MAHANE TARRABASHI, JIHAN KAMUD ASLAN, ZOHARA LOUIE SA'AD, IYAH ZAID GANAM, a minor, by his father and natural guardian Ziad Shchiv Ghanam, and by his mother and natural guardian Gourov Tisir Ghanam, ZIAD SHCHIV GHANAM, individually, GOUROV TISIR GHANAM, individually, THEODORE GREENBERG, EMILLA SALMAN ASLAN,

       *Plaintiffs-Appellants*,

  v.                     15-1580

Lebanese Canadian Bank, SAL,

        *Defendant-Appellee*,

American Express Bank, Ltd.,

        *Defendant*.

_____

| | |
|---|---|
| FOR APPELLANTS: | MEIR KATZ (Robert J. Tolchi, *on the brief*), The Berkman Law Office, LLC, Brooklyn, NY. |
| FOR APPELLEE: | JONATHAN D. SIEGFRIED (Douglas W. Mateyaschuk, Peter J. Couto, *on the brief*), Petrillo Klein & Boxer LLP, New York, NY. |

Appeal from the United States District Court for the Southern District of New York (Daniels, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the order of the District Court is **AFFIRMED IN PART.**[1]

Plaintiffs-Appellants ("Plaintiffs") appeal from a decision and order of the United States District Court for the Southern District of New York (Daniels, *J.*).

---

[1] This summary order affirms the District Court's judgment with regard to all of Plaintiffs' claims except those under the Alien Tort Statute ("ATS"), 28 U.S.C. § 1350. This summary order and the accompanying opinion, *Licci et al. v. Lebanese Canadian Bank, SAL*, 15-1580, which addresses Plaintiffs' ATS claims, combine to affirm the District Court's judgment *in toto*.

We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.[2]

We review the District Court's dismissal of an action on collateral estoppel grounds *de novo*. *Johnston v. Arbitrium (Cayman Is.) Handels AG,* 198 F.3d 342, 346 (2d Cir. 1999). For substantially the reasons stated by the court below, we find that the Plaintiffs' Antiterrorism Act ("ATA") claims, 18 U.S.C. § 2331 *et seq.*, are barred under the doctrine of collateral estoppel. A party is collaterally estopped from raising an issue if "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the part[ies] had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." *Wyly v. Weiss,* 697 F.3d 131, 141 (2d Cir. 2012).

The Plaintiffs contend that collateral estoppel does not bar their ATA claims because the judgment in the prior proceeding was "non-final." This argument is unavailing, as the decision of the United States District Court for the District of Columbia in *Kaplan v. Cent. Bank of the Islamic Republic of Iran,* 961 F. Supp. 2d 185 (D.D.C. 2013) ("*Kaplan v. Central Bank*") is a final judgment for

---

[2] These facts are described in further detail in the accompanying opinion, *see Licci,* 15-1580.

purposes of collateral estoppel, *see Lummus Co. v. Commonwealth Oil Ref. Co.*, 297 F.2d 80, 82 (2d Cir. 1961), that satisfies all of the conditions for collateral estoppel, *see Wyly*, 697 F.3d at 141. The Plaintiffs' attempt to treat *Kaplan v. Central Bank*, a final decision, and *Kaplan v. Hezbollah*, No. 09-CV-00646 (D.D.C. Apr. 8, 2009), a non-final decision, as a single case, is unavailing.

In addition, the District Court did not abuse its discretion in refusing to exercise supplemental jurisdiction over the Israeli state law claims in light of its dismissal of all of the Plaintiffs' federal law claims. *See* 28 U.S.C. §§ 1367(a), (c); *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 118 (2d Cir. 2013).

Accordingly, we **AFFIRM IN PART** the judgment of the District Court as to Plaintiff's ATA and Israeli state law claims.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

