UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
YAAKOV LICCI, *a minor, by his father and natural guardian Elihav Licci and by his mother and natural guardian Yehudit Licci*, et al.,

                          Plaintiffs,

                -against-

LEBANESE CANADIAN BANK, SAL,

                         Defendant.
------------------------------------- x

OCT 03 2018

MEMORANDUM DECISION
AND ORDER

08 Civ. 7253 (GBD)

GEORGE B. DANIELS, United States District Judge:

This action was brought by American, Israeli, and Canadian citizens whose family members were injured or killed by rocket attacks carried out by the terrorist organization Hezbollah during July and August 2006. (*See* Am. Compl., ECF No. 23.) The Plaintiffs who are American citizens move, pursuant to Rule 60(b)(5) of the Federal Rules of Civil Procedure, to set aside the portion of this Court's April 14, 2015 Memorandum Decision and Order, (the "April 2015 Order," ECF No. 84), dismissing the American Plaintiffs' claims brought against Defendant Lebanese Canadian Bank, SAL ("LCB") under the federal Anti-Terrorism Act ("ATA"), 18 U.S.C. § 2333, on the grounds of collateral estoppel. (ECF No. 88.) The American Plaintiffs' motion to set aside that portion of this Court's April 2015 Order is GRANTED.

## I. FACTUAL BACKGROUND

In this action, Plaintiffs alleged that LCB and its American correspondent bank, American Express Bank ("Amex Bank") provided millions of dollars in financial and banking services to Hezbollah, which caused, enabled, and facilitated the Rocket Attacks. (Am. Compl. ¶ 3.) LCB and Amex Bank moved to dismiss pursuant to Rules 12(b)(2) and 12(b)(6) for lack of personal

jurisdiction and failure to state a claim. (ECF Nos. 29, 34.) This Court granted Amex Bank's motion to dismiss for failure to state a claim and granted LCB's motion to dismiss for lack of personal jurisdiction. (*See* Memorandum Decision and Order dated Mar. 30, 2010, ECF No. 53.) On appeal, the Second Circuit affirmed the dismissal as to Amex Bank, but reversed as to LCB.[1] *See Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161 (2d Cir. 2013), *cert. denied*, 138 S. Ct. 1691 (2018).

While Plaintiffs' appeal to the Second Circuit was pending, a district court in the District of Columbia dismissed the ATA claims brought by American plaintiffs against an Iranian bank stemming from the Rocket Attacks at issue in this action. The court in that case, *Kaplan v. Central Bank of the Islamic Republic of Iran*, found that the Rocket Attacks were an "act of war" and, as such, fell within an exception to the ATA.[2] 961 F. Supp. 2d 185, 204 (D.D.C. 2013).

After this action was remanded, LCB submitted a letter notifying this Court of the decision in *Kaplan* and asserting that the American Plaintiffs' ATA claims were barred on collateral estoppel grounds.[3] (Def.'s Oct. 31, 2014 Letter, ECF No. 72.) In the April 2015 Order, this Court dismissed the ATA claims, finding that "the *Kaplan* decision is sufficiently 'final' such that [the American] Plaintiffs' ATA claims are precluded under collateral estoppel." (April 2015 Order at 4.)

---

[1] Prior to rendering its decision on LCB's motion, the Second Circuit certified two questions regarding the exercise of personal jurisdiction to the New York Court of Appeals, which found that the exercise of jurisdiction over LCB was proper. *See Licci v. Lebanese Canadian Bank*, 984 N.E.2d 893 (N.Y. 2012).

[2] The "act of war" exception provides that "no action shall be maintained under [the ATA] for any injury or loss by reason of an act of war." 18 U.S.C. § 2336(a). The ATA defines the term "act of war" as "any act occurring in the course of—(A) declared war; (B) armed conflict, whether or not war has been declared, between two or more nations; or (3) armed conflict between military forces of any origin." 18 U.S.C. § 2331(4).

[3] This Court's April 2015 Order also dismissed the Non-American Plaintiffs' ATS claims and declined to exercise supplemental jurisdiction over the state law claims brought by all Plaintiffs. (April 2015 Order at 8–9.)

2

On July 20, 2018, the United States Court of Appeals for the District of Columbia Circuit vacated the district court's dismissal of the plaintiffs' claims in *Kaplan*. 896 F.3d 501 (D.C. Cir. 2018). In its decision, the D.C. Circuit found that the "act-of-war exception . . . does not qualify as a threshold issue that may be considered before establishing the district court's jurisdiction." *Id.* at 514. Because the district court had not addressed personal jurisdiction, the D.C. Circuit reversed and remanded the case for determination of that issue. *Id.* at 516. In light of the reversal of the district court's decision in *Kaplan*, the American Plaintiffs move for vacatur of the portion of this Court's April 2015 Order dismissing their ATA claims. (*See* ECF No. 88.)

## II. PLAINTIFFS ARE ENTITLED TO RELIEF UNDER RULE 60(B)(5)

The American Plaintiffs' motion is brought pursuant to Rule 60(b)(5), which provides, in part, that "[o]n motion and just terms, [a] court may relieve a party . . . from a final judgment, order, or proceeding" if "it is based on an earlier judgment that has been reversed or vacated." Fed. R. Civ. P. 60(b)(5). For purposes of Rule 60(b)(5), a judgment may be "based on a prior judgment in the sense of *res judicata* or collateral estoppel." *Wallace Clark & Co. v. Acheson Indus., Inc.*, 394 F. Supp. 393, 402 n.4 (S.D.N.Y. 1975), *aff'd*, 532 F.2d 846 (2d Cir. 1976).

In ruling on Rule 60(b) motions, "[c]ourts should consider whether the motion was made within a reasonable time, whether the movant acted equitably, and whether vacatur would strike an appropriate balance between serving the ends of justice and preserving the finality of judgments."[4] *Thai-Lao Ignite Co. v. Gov't of Lao People's Democratic Repub.*, 864 F.3d 172, 186 (2d Cir. 2017). Here, all of the relevant considerations weigh in favor of granting the American Plaintiffs' motion.

---

[4] The decision in *Thai-Lao Ignite* also directs courts to consider "the prudential concern for international comity." *Thai-Lao Ignite*, 864 F.3d at 186. However, that concern is not implicated here, because the judgment given preclusive effect was not issued by a foreign court. *Cf. id.* (considering international comity when a Malaysian court set aside an arbitral award).

3

First, as the American Plaintiffs note, the D.C. Circuit's decision in *Kaplan* was issued on July 20, 2018, and this motion was filed on August 13, 2018. (*See* Mem. in Supp. of Am. Pls. Rule 60(b)(5) Mot., ECF No. 89, at 8.) A "time lag of less than a month between the [*Kaplan* decision] and the motion . . . [i]s not unreasonable." *Ass'n for Retarded Citizens of Connecticut, Inc. v. Thorne*, 68 F.3d 547, 553 (2d Cir. 1995); *see also Thai-Lao Ignite*, 864 F.3d at 189 (finding motion filed a month and a half after vacatur of the underlying award was made "promptly").

LCB argues that the American Plaintiffs' motion is "premature," because if the *Kaplan* district court finds that the defendants in that case "are subject to personal jurisdiction and reaffirms [its] prior ruling on the Act of War exception, then [the American Plaintiffs] will be collaterally estopped from re-litigating" their ATA claims. (Def.'s Aug. 27, 2018 Letter ("Aug. 27 Letter"), ECF No. 91, at 1.) Accordingly, LCB requests that this Court "defer any further action on Plaintiffs' motion pending the outcome of the further proceedings in the D.C. District Court." (*Id.* at 2.) However, the American Plaintiffs assert that they will be harmed if the resolution of their claims is further delayed, (*see* Reply Mem., ECF No. 92, at 2–3), and LCB's speculation that the *Kaplan* district court may reaffirm its decision on the same grounds does not "make out a clear case of hardship or inequity" sufficient to warrant a stay of this action pending *Kaplan*'s outcome.[5] *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936).

---

[5] Plaintiffs assert that Congress's passage of the Antiterrorism Clarification Act of 2018 (the "ATACA") makes it unlikely that the *Kaplan* court will reaffirm its decision based on the "act of war" exception. (Pls. Letter dated Sept. 27, 2018 ("Sept. 27, 2018 Letter"), ECF No. 93, at 1.) The Rocket Attacks previously fell within the clause of the "act of war" exception applicable to "armed conflict between military forces of any origin." 18 U.S.C. § 2331(4). The ATACA amended the ATA to provide, among other things, that the term "military force" does not include "any person that . . . has been designated as a . . . foreign terrorist organization[.]" 164 Cong. Rec. H8245 (daily ed. Sept. 13, 2018). If the ATACA becomes law, because Hezbollah has been designated a foreign terrorist organization, it appears that the Rocket Attacks may no longer fall within the "act of war" exception. (*See* Sept. 27, 2018 Letter at 1 (citing Designation of Foreign Terrorist Organizations, 62 Fed. Reg. 52,650, 52,650 (Oct. 8, 1997).)

4

Second, LCB suggests that Plaintiffs have acted inequitably because their ATA claims were "brought by the same plaintiffs and counsel" as those in *Kaplan*, and "Plaintiffs never advised th[is] Court of the existence of this other lawsuit, despite ample opportunity to do so." (Aug. 27 Letter at 1.) However, Plaintiffs' failure to disclose the *Kaplan* lawsuit did not create any "legal roadblock" for LCB. *Motorola Credit Corp. v. Uzan*, 561 F.3d 123, 127 (2d Cir. 2009). As LCB acknowledges, it was able to successfully invoke the *Kaplan* decision to prevail on its motion to dismiss. (*See* Aug. 27 Letter at 1.) Plaintiffs' conduct is not sufficiently inequitable to warrant the denial of "otherwise merited relief." *Thao-Lai Ignite*, 864 F.3d at 188.

Third, finality interests will "not stand in the way of . . . vacat[ing]" the April 2015 Order because LCB, "the party seeking to enforce" the Order, "knew that proceedings to set aside" the *Kaplan* district court's decision "were ongoing before [this Court] entered judgment." *Id.* at 189; *see also McLearn v. Cowen & Co.*, 660 F.2d 845, 852 (2d Cir. 1981) (Lasker, J., concurring) (noting that the fact that an underlying decision has been "continuously litigated" during the period prior to vacatur "render[s] considerations of finality less weighty"). In their letter responding to LCB's collateral estoppel argument, Plaintiffs expressly stated that they "intend[ed] to appeal" the *Kaplan* decision. (Pls.' Dec. 9, 2014 Letter, ECF No. 77, at 4.) Moreover, LCB has made "no showing . . . that vacatur will offend basic standards of justice." *Thao-Lai Ignite*, 864 F.3d at 175. Thus, considerations of finality interests and the ends of justice do not counsel against the grant of the American Plaintiffs' motion.

## III. CONCLUSION

The American Plaintiffs' motion for vacatur of the portion of the April 2015 Order dismissing their ATA claims, (ECF No. 88), is GRANTED. The Clerk of Court is directed to close the motion accordingly.

Dated: New York, New York
      October 3, 2018

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

6