IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHAIM KAPLAN, *et al.*, | |
| Plaintiffs, | Case No. 08-cv-7253 (GBD) |
| v. | <u>Oral Argument Requested</u> |
| LEBANESE CANADIAN BANK, SAL, | |
| Defendant. | |

## MEMORANDUM OF LAW OF DEFENDANT LEBANESE CANADIAN BANK, SAL IN SUPPORT OF MOTION TO STAY

October 27, 2021

Mitchell R. Berger (MB-4112)
mitchell.berger@squirepb.com
2550 M Street NW
Washington, DC 20037
Telephone: (202) 457-6000
Facsimile:  (202) 457-6315

**SQUIRE PATTON BOGGS (US) LLP**

Gassan A. Baloul (GB-4473)
gassan.baloul@squirepb.com
Joseph S. Alonzo (JA-1378)
joseph.alonzo@squirepb.com
1211 Avenue of the Americas
26th Floor
New York, NY 10036
Telephone: (212) 872-9800
Facsimile:  (212) 872-9815

*Attorneys for Defendant Lebanese Canadian Bank, SAL*

**PRELIMINARY STATEMENT**

Defendant Lebanese Canadian Bank, SAL ("LCB") hereby moves for an Order staying this action in its entirety pending further developments in a closely-related action also pending before this Court, *Lelchook v. Lebanese Canadian Bank, SAL*, No. 18-cv-12401-GBD (S.D.N.Y.) ("*Lelchook*"). All of the parties to this action are also all parties in *Lelchook*, and the Plaintiffs here assert the same injuries in *Lelchook*, arising out of the same alleged facts. However, *Lelchook* also includes several new plaintiffs who are not parties to this case, and also names as additional defendants two former LCB employees who are not defendants here.

The undersigned, who entered their appearance as counsel for LCB in this action today, are also counsel of record for LCB and one of the individual defendants, Mohamed Hamdoun, in *Lelchook*. LCB and Mr. Hamdoun intend to litigate the *Lelchook* action on the merits. Accordingly, staying proceedings in this case will serve the interests of the parties and the Court in litigating Plaintiffs' claims on the merits while avoiding costly duplicative litigation. A stay of this case pending the outcome in *Lelchook* will also serve the policy interest of having claims decided on their merits, rather than by default; will avoid the risk that Plaintiffs here would unfairly seek preclusive (res judicata) effect against LCB in *Lelchook* from a default judgment entered here; and would be consistent with the principle that, if Plaintiffs lose on the merits in another case (*Lelchook*), they should not be entitled to default judgment on the same claims in this action. Nor will a stay burden or prejudice Plaintiffs, who are all parties in *Lelchook* and can proceed to litigate their claims against LCB in that action.

In the alternative, should the Court not grant a stay, LCB plans to move to vacate the default entered against it in this action and oppose the motion for default judgment, based on the same meritorious defenses it has to the identical factual allegations in *Lelchook*. LCB therefore

respectfully requests that the Court take no action at this time on Plaintiffs' pending motion for default judgment.

## ARGUMENT

### I. THIS CASE SHOULD BE STAYED PENDING THE OUTCOME OF *LELCHOOK*.

Further proceedings in this action, and in particular on Plaintiffs' motion for judgment by default should be stayed pending further proceedings in *Lelchook*, because (1) all of the Plaintiffs here are also plaintiffs in *Lelchook*, and assert the same claims against LCB in *Lelchook* as here; but (2) *Lelchook* also includes <u>other</u> plaintiffs and other defendants, and (3) LCB and Mr. Hamdoun plan to defend the *Lelchook* action on the merits.

As this Court has previously held, "[c]ourts have the 'inherent power to dismiss or stay an action in deference to a parallel'" action. *Novasparks SA v. Enyxfpga*, 344 F. Supp. 3d 666, 677 (S.D.N.Y. 2018) (Daniels, J.) (quoting *Eskofot A/S v. E.I. Du Pont De Nemours & Co.*, 872 F. Supp. 81, 89 (S.D.N.Y. 1995) (citing *Caspian Inv., Ltd. v. Vicom Holdings, Ltd.*, 770 F. Supp. 880, 884 (S.D.N.Y.1991)); *see also Szafarczyk v. Digital Art Solutions, Inc.*, No. 02-cv-5481 (GBD), 2003 U.S. Dist. LEXIS 9344, at *4 (S.D.N.Y. June 4, 2003) (noting that the Court had issued a prior order granting a stay of the case "to streamline the litigation process and avoid duplicative motion practice."). Indeed, the Supreme Court has long recognized that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (citation omitted); *accord Clinton v. Jones*, 520 U.S. 681, 684 (1997) ("the District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.") (citing *Landis*, 299 U.S. at

254); *Range v. 480-486 Broadway, LLC*, 810 F.3d 108, 113 (2d Cir. 2015) (noting that "a district court possesses inherent authority to control the disposition of the causes on its docket and has power to stay an action as an incident of that authority") (citation and quotation omitted).

"A court may decide in its discretion to stay civil proceedings when the interests of justice seem to require such action." *Louis Vuitton Malletier S.A. v. LY USA, Inc*., 676 F.3d 83, 97 (2d Cir. 2012) (alteration and emphasis omitted). "The decision whether to stay an action calls on a district court's 'studied judgment,' requiring the court to examine 'the particular facts before it' and determine 'the extent to which . . . a stay would work a hardship, inequity, or injustice to a party, the public or the court.'" *Range*, 810 F.3d at 113 (quoting *Louis Vuitton Malletier*, 676 F.3d at 99).

In determining whether to grant a motion to stay, courts have considered various factors, including: "'(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.'" *Pappas v. Mypizza Techs., Inc.*, No. 20-CV-5680, 2020 U.S. Dist. LEXIS 226769, at *2 (S.D.N.Y. Dec. 3, 2020) (quoting *Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996)); *Bowes v. Am. Eagle Outfitters, Inc.*, No. 18-cv-9004, 2021 U.S. Dist. LEXIS 23568, at *2-3 (S.D.N.Y. Feb. 8, 2021) (same). "These tests, however, no matter how carefully refined, can do no more than act as a rough guide for the district court as it exercises its discretion." *Louis Vuitton Malletier S.A.*, 676 F.3d at 99. "The district court's

decision ultimately requires and must rest upon a particularized inquiry into the circumstances of, and the competing interests in, the case." *Id.* (internal quotations and citation omitted).

A stay of this action is warranted and should be granted because this case is closely related to the parallel *Lelchook* action pending before this Court, and a default judgment against LCB in this action would unfairly impact the parties in *Lelchook*. The Plaintiffs in this action are all also plaintiffs in *Lelchook*, and they assert the same injuries arising out of the same factual allegations. As the Related Case Statement filed in *Lelchook* (ECF #11, No. 18-cv-12401-GBD (S.D.N.Y.)) confirms, both this action and *Lelchook* "are civil actions for international terrorism under the Antiterrorism Act, 18 U.S. C. sec. 2333, brought against the Lebanese Canadian Bank, SAL . . . by U.S. citizens injured or killed by rockets fired by Hezbollah into Israel in 2006," and "all the plaintiffs in" this action "are also plaintiffs" in *Lelchook*. However, *Lelchook* "adds several new plaintiffs who [are] not parties" to this action. *Id.* Additionally, unlike this action, *Lelchook* "names as defendants senior officers of LCB who" plaintiffs allege "were involved in LCB's provision of banking service to Hezbollah." *Id.* However, with the important exceptions of the additional plaintiffs and additional defendants in *Lelchook*, "the two cases overwhelmingly overlap in all material ways." *Id. See Novasparks*, 344 F. Supp. 3d at 677 ("In general, '[s]uits are parallel when substantially the same parties are contemporaneously litigating substantially the same issue in another forum.'") (quoting *Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 100 (2d Cir. 2012)).

This case should be stayed in favor of *Lelchook* because *Lelchook* includes additional plaintiffs and defendants who are not parties here, and defendants in *Lelchook* intend to defend against plaintiffs' claims there on the merits. A stay would not burden or prejudice the Plaintiffs here, all of whom are also plaintiffs in *Lelchook* and who could proceed to litigate their claims on

the merits in that case. Moreover, a stay would serve the interests of the courts and the public, as it would serve judicial efficiency and avoid undue costs of the same parties litigating the same claims in two different actions.

A stay also would avoid a harsh and unfair burden not only on LCB, but also on the other defendants in *Lelchook*, who are non-parties here. Should this Court enter a default judgment against LCB here, the plaintiffs in *Lelchook* would likely seek to use it to preclusive effect against LCB, and potentially against the other defendants, in that action. *See N.Y. Stock Exch., Inc. v. Sloan (In re Sloan)*, No. 880-08027-18, 1983 U.S. Dist. LEXIS 20505, at *8-9 (E.D.N.Y. July 11, 1983) (finding preclusive effect where debtor "appeared, answered, and participated in the pretrial proceedings in the prior action" before failing to continue to appear). A stay here also would avoid the discordant potential outcomes of a default judgment in favor of Plaintiffs here and a successful defense against identical claims by the same plaintiffs (and others) on the merits in *Lelchook*. A stay thus would be consistent with the principle that, if a plaintiff loses on the merits in one case, it should not be entitled to judgment by default in a parallel case involving the same claims. *See Economist's Advocate, LLC v. Cognitive Arts Corp.,* No. 01 Civ. 9486 (RWS), 2004 U.S. Dist. LEXIS 23502, 2004 WL 2650906, at *3 ("'[i]f plaintiff loses on the merits, the complaint should be dismissed against both defaulting and non-defaulting defendants.'" (quoting *Exquisite Form Indus., Inc. v. Exquisite Fabrics of London,* 378 F. Supp. 403, 416 (S.D.N.Y. 1974)). "The reason for this is plain: it might result in inconsistent judicial decrees, where a judgment is entered against the defaulting defendant while the nondefaulting defendants are relieved from liability after trial." *Bleecker v. Zetian Sys., Inc.*, No. 12 Civ. 2151, 2013 U.S. Dist. LEXIS 157103, at *6 (S.D.N.Y. Nov. 1, 2013); *see Henry v. Oluwole*, No. 3:13-cv-826, 2021 U.S. Dist. LEXIS 185226, at *6-7

(D. Conn. Sept. 28, 2021) (citing cases and recognizing that "a court should strive to avoid the entry of logically inconsistent judgments against defaulting and non-defaulting defendants.").

## II. IN THE ALTERNATIVE, THIS COURT SHOULD PERMIT LCB TO MOVE TO VACATE THE ENTRY OF DEFAULT AGAINST IT IN THIS ACTION.

For the reasons set forth above, the Court should stay this action in favor of litigation on the merits in *Lelchook*, should the Court decline to enter a stay, LCB would move to vacate the default entered in this action. Consistent with the Court of Appeals' mandate, which contemplated further proceedings in this matter, LCB has meritorious legal and factual defenses to this action—which apply as well to the substantially identical factual allegations in *Lelchook*. In summary, those defenses are:

- Plaintiffs' primary-liability claims and JASTA conspiracy claims must be dismissed pursuant to the mandate rule, which gives preclusive effect to this Court's dismissal of those claims, because Plaintiffs did not challenge the dismissal of those claims on appeal, and the Court of Appeals remanded only for further consideration of Plaintiffs' JASTA aiding-and-abetting claims.

- Plaintiffs' primary-liability claims also are legally and factually deficient because LCB's banking services were not an "act of international terrorism" and did not proximately cause Plaintiffs' injuries.

- Plaintiffs' JASTA conspiracy claim fails because, as the Second Circuit's *Kaplan* decision reconfirmed, there can be no JASTA conspiracy liability absent evidence of an agreement between Defendant and the primary tortfeasors. There is no such evidence, or even plausible allegation, of such an agreement in either *Kaplan* or *Lelchook*.

- There can be no JASTA aiding-and-abetting liability as to LCB, because Plaintiffs will not be able to establish, as a factual matter, that LCB was aware of its customers' connections with Hezbollah before the relevant attacks, or that LCB's customers were so "closely intertwined" with Hezbollah's "violent terrorist activities" that one can reasonably infer LCB was "generally aware of its role in unlawful activities from which the attacks were foreseeable" at the time it provided financial services to the alleged customers. *Honickman v. BLOM Bank SAL*, 2021 U.S. App. LEXIS 22480, at *3 (2d Cir. July 29, 2021) (citing *Kaplan v. Lebanese Canadian Bank*, 999 F.3d 842, 860 (2d Cir. 2021)).

- Plaintiffs' JASTA aiding-and-abetting liability claim is also deficient because Plaintiffs will not be able to establish as a factual matter that LCB had "actual

6

knowledge" that it was providing "substantial" assistance to the primary wrong, *i.e.* the relevant attacks.

Accordingly, should the Court determine not to stay this action, LCB respectfully requests the opportunity to submit a motion in opposition to default judgment and in support of vacating the default entered against it.

## CONCLUSION

All further proceedings in this action should be stayed pending the outcome of *Lelchook*.

Respectfully submitted.

October 27, 2021

**SQUIRE PATTON BOGGS (US) LLP**

 /s/  *Gassan A. Baloul*

| | |
|---|---|
| Mitchell R. Berger (MB-4112) | Gassan A. Baloul (GB-4473) |
| mitchell.berger@squirepb.com | gassan.baloul@squirepb.com |
| 2550 M Street NW | Joseph S. Alonzo (JA-1378) |
| Washington, DC 20037 | joseph.alonzo@squirepb.com |
| Telephone: (202) 457-6000 | 1211 Avenue of the Americas |
| Facsimile:  (202) 457-6315 | 26th Floor |
| | New York, NY 10036 |
| | Telephone: (212) 872-9800 |
| | Facsimile:  (212) 872-9815 |

*Attorneys for Defendant Lebanese Canadian Bank, SAL*