## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

CHAIM KAPLAN, *et al.*,

                 Plaintiffs,

v.

LEBANESE CANADIAN BANK, SAL,

                 Defendant.

Case No. 08-cv-7253 (GBD)

## REPLY MEMORANDUM OF DEFENDANT LEBANESE CANADIAN BANK, SAL
## IN FURTHER SUPPORT OF MOTION TO STAY

November 24, 2021

Mitchell R. Berger (MB-4112)
mitchell.berger@squirepb.com
2550 M Street, NW
Washington, DC 20037
Telephone: (202) 457-6000
Facsimile:  (202) 457-6315

**SQUIRE PATTON BOGGS (US) LLP**

Gassan A. Baloul (GB-4473)
gassan.baloul@squirepb.com
Joseph S. Alonzo (JA-1378)
joseph.alonzo@squirepb.com
1211 Avenue of the Americas, 26th Floor
New York, NY 10036
Telephone: (212) 872-9800
Facsimile:  (212) 872-9815

*Attorneys for Defendant Lebanese Canadian Bank, SAL*

## PRELIMINARY STATEMENT

This case and *Lelchook v. Lebanese Canadian Bank, SAL*, No. 18-cv-12401-GBD (S.D.N.Y.) ("*Lelchook*") are parallel actions, both pending before this Court, involving the same alleged injuries arising from identical factual allegations, and involving most of the same parties. *See* Def.'s Mem. in Supp. of Mot. ("Moving Brief") (ECF No. 135 at 1, 4 (citing Related Case Statement, *Lelchook*, ECF No. 11). However, *Lelchook* is broader than this case, in that it includes a number of additional plaintiffs and defendants who are <u>not</u> parties here, and the *Lelchook* plaintiffs' ATA primary-liability and conspiracy-liability claims remain in that action, while identical claims by Plaintiffs in this action already have been dismissed. *See* Related Case Statement, *Lelchook*, ECF No. 11, at 2 ("In sum, the two cases overwhelmingly overlap in all material ways.").

Given the virtually identical facts and claims in this action and *Lelchook*, continuing to litigate both actions would be unnecessary, wasteful, and inefficient. The inclusion of additional plaintiffs, defendants, and claims in *Lelchook* beyond those present in this action makes *Lelchook* the more appropriate vehicle for fully resolving Plaintiffs' claims. Moreover, as set forth in Defendant Lebanese Canadian Bank's ("LCB's") Moving Brief, granting Plaintiffs victory by default here would risk inconsistent and unfair results in *Lelchook* and elsewhere, both as to LCB and the other *Lelchook* defendants (who are not parties to this action). Accordingly, the Court should stay this action in favor of litigation on the merits in *Lelchook*.

In their opposition brief (ECF No. 141) ("Opposition"), Plaintiffs object to a stay and instead call for continuing to litigate both this action and *Lelchook* in parallel. More to the point, in a transparent attempt to avoid having to prove the merits of their claims, Plaintiffs propose that the aiding-and-abetting portion of their JASTA claim be dismissed without prejudice in *Lelchook*,

and that default proceedings on only that claim proceed in this action.  Meanwhile, all other claims in *Lelchook*—including the same JASTA aiding-and-abetting claim by the *Lelchook* plaintiffs who are not plaintiffs here, and the same JASTA aiding-and-abetting claim by **all** the *Lelchook* plaintiffs against the non-LCB *Lelchook* defendants—would proceed in *Lelchook*.  Plaintiffs' argument for continuing both litigations in this piecemeal fashion ignores the wasteful duplication of effort that would result and the well-established public policy in favor of deciding claims on their merits.  Plaintiffs seek victory by default by exaggerating the brief procedural delay that followed the Second Circuit's mandate in this action, before LCB retained its new undersigned counsel (who also are counsel for LCB in *Lelchook*).  The Court should not allow Plaintiffs a procedural end run around litigation of their remaining claim on the merits.  LCB is ready to litigate all of Plaintiffs' claims in *Lelchook*.  Indeed, pursuant to this Court's Order in *Lelchook*, LCB intends to file a motion to dismiss that action in the coming days.[1]  Should that motion be denied in whole or in part, LCB will proceed expeditiously with defending on the merits whatever remains of *Lelchook*.

This Court should decline Plaintiffs' effort to obtain victory by default and their invitation to engage in inefficient piecemeal litigation.  Instead, the Court should stay this action in its entirety pending further developments in *Lelchook*.

## ARGUMENT

After meeting with failure at almost every turn of this action, Plaintiffs "reasserted" their JASTA (18 U.S.C. § 2333(d)) aiding-and-abetting claim (and others) against LCB (and other defendants) in *Lelchook*.  Opposition at 4.  *See also* Compl., *Lelchook*, ECF No. 12, at 35 n.12.  In

---

[1]  *See* Stipulation & Order, *Lelchook*, ECF No. 37, ¶ 1 (providing that LCB and Mohamed Hamdoun will have until and including November 29, 2021 to respond to the *Lelchook* Complaint).

their Opposition to this motion, Plaintiffs purport to have filed that aiding-and-abetting claim in *Lelchook* "on a purely conditional basis," and they now argue, <u>for the first time</u>, that "plaintiffs' placeholder claims against LCB in Lelchook should be dismissed without prejudice."  Opposition at 4, 6.  Yet Plaintiffs have not withdrawn or sought dismissal of any of their claims in *Lelchook*, despite the Second Circuit having ruled <u>in June 2021</u> that § 2333(d)'s timing requirement was met.  It is only now, faced with a motion to stay this parallel action, that Plaintiffs propose to stop litigating their duplicative JASTA aiding-and-abetting claim against LCB in *Lelchook*.  But notably, Plaintiffs say nothing about the other claims in *Lelchook*, namely:

- Plaintiffs' ATA <u>primary-liability</u> claim against two former senior LCB officers, who Plaintiffs have named as defendants in *Lelchook* but who are <u>not</u> parties here (the "Individual *Lelchook* Defendants");

- the <u>conspiracy</u> portion of Plaintiffs' JASTA claim against both LCB and the Individual *Lelchook* Defendants;

- the aiding-and-abetting portion of Plaintiffs' JASTA claim <u>against the Individual *Lelchook* Defendants</u>; and

- <u>all</u> of the claims by the <u>additional *Lelchook* plaintiffs who are not Plaintiffs here</u>—including but not limited to <u>the same JASTA aiding-and-abetting claim against LCB</u> that Plaintiffs wish to continue litigating here.

In short, what Plaintiffs propose is to continue litigating all of their claims in *Lelchook*, <u>except</u> for <u>the aiding-and-abetting portion</u> of their JASTA claim <u>against LCB only</u>, on which they propose continuing to seek a default judgment in this action.  Meanwhile, the new plaintiffs added to *Lelchook* would litigate the <u>same</u> aiding-and-abetting claim against LCB in *Lelchook*, as well as primary-liability and conspiracy claims against LCB identical to those already dismissed here.  And both the Plaintiffs here <u>and</u> the new *Lelchook* plaintiffs would litigate in *Lelchook* their practically identical JASTA aiding-and-abetting claim against the Individual *Lelchook* Defendants, as well as their ATA primary-liability and JASTA conspiracy claims against the

Individual *Lelchook* Defendants.  *See* Opposition at 5; Compl., *Lelchook*, ECF No. 12, at 33, n.11, 35; Related Case Statement, *Lelchook*, ECF No. 11, at 2.

Plaintiffs offer no compelling reason to bifurcate their claims in this manner.  To the contrary, judicial economy, and avoiding potentially "inconsistent and mutually contradictory determinations," call for staying this action and litigating Plaintiffs' claims in *Lelchook*, including their JASTA aiding-and-abetting claim against LCB and their claims against the Individual *Lelchook* Defendants.  *See De Cisneros v. Younger*, 871 F.2d 305, 307-08 (2d Cir. 1989) (affirming district court's decision to "abstain from allowing litigation to proceed in installments" where issues were "inextricably linked" to those in a parallel state court action) (internal quotation marks and citations omitted).

In their Opposition, Plaintiffs cite the "first-filed rule" as mandating the litigation of their JASTA aiding-and-abetting claim here rather than in *Lelchook*.  *See* Opposition at 6.  But the rationale behind the first-filed rule is inapplicable where, as here, both actions are pending in the same forum, and where Plaintiffs will be able to proceed without delay in litigating all their claims in the parallel *Lelchook* action.  *See Emplrs. Ins. v. Fox Entm't Grp., Inc.*, 522 F.3d 271, 274-75 (2d Cir. 2008) (explaining that the first-filed rule "embodies considerations of judicial administration and conservation of resources by avoiding duplicative litigation and honoring the plaintiff's choice of forum.") (quoting *First City Nat'l Bank & Trust Co. v. Simmons,* 878 F.2d 76, 80 (2d Cir. 1989)) (internal quotation marks omitted and emphasis added); *Sotheby's, Inc. v. Minor*, No. 08 Civ. 7694 (BSJ), 2009 U.S. Dist. LEXIS 3509, 2009 WL 73134, at *1 (S.D.N.Y. Jan. 6, 2009) (noting that the first-filed rule applies "where proceedings involving the same parties and issues are pending simultaneously in different federal courts.") (emphasis added).

Plaintiffs also cite *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138-39 (2d Cir. 2000), for their assertion that they are not "allowed to" litigate their JASTA aiding-and-abetting claim against LCB in *Lelchook*.  Opposition at 5.  But Plaintiffs are wrong because under the *Curtis* court's analysis, a stay in one of two parallel cases is enough to remove the bar on litigating those claims in the other.  *See Curtis*, 226 F.3d at 138-39 (noting that a "district court's discretion in the comprehensive management of litigation in its court" allows it to stay a suit, dismiss it without prejudice, enjoin the parties from proceeding with it, or consolidate the two actions "when faced with a duplicative suit").  Accordingly, this Court is well within its discretion to stay this action and direct Plaintiffs to litigate their claims, including their JASTA aiding-and-abetting claim against LCB, in *Lelchook*.

Plaintiffs' (mis)interpretation of *Curtis* is consistent with their obvious motive: to avoid litigation on the merits by using the brief delay in litigating this action, following remand from the Court of Appeals, to obtain a default judgment on their one remaining claim against LCB, and then to wield that default judgment against not only LCB, but also the Individual *Lelchook* Defendants in other actions.  But it "is well established that default judgments are disfavored.  A clear preference exists for cases to be adjudicated on the merits."  *Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 174 (2d Cir. 2001) (citing cases).  Plaintiffs offer no rationale that would override this "clear preference," and they grossly exaggerate the effect that a stay of this action in favor of *Lelchook* would have on the parties.  Moreover, it is notable that while Plaintiffs purport to describe as "risible" the concern that a default here could have unfair, preclusive effect against LCB or the Individual *Lelchook* Defendants elsewhere, Plaintiffs do not deny that they intend to seek <u>precisely</u> that effect should they obtain a default judgment here.  *See* Opposition at 7.  *See also, e.g.*, *N.Y. Stock Exch., Inc. v. Sloan (In re Sloan)*, No. 880-08027-18, 1983 U.S. Dist. LEXIS 20505, at *8-

9 (E.D.N.Y. July 11, 1983) (finding preclusive effect where debtor "appeared, answered, and participated in the pretrial proceedings in the prior action" before failing to continue to appear); *Saud v. Bank of New York*, 929 F.2d 916, 919 (2d Cir. 1991) ("A judgment of a court having jurisdiction of the parties and of the subject matter operates as *res judicata*, in the absence of fraud or collusion, even if obtained upon a default.") (internal quotation marks and citation omitted). The unfairness of such a result, as against both LCB and the Individual *Lelchook* Defendants (who are not parties here), is precisely the harm and inequity that this Court can and should avoid by staying this action in favor of litigation on the merits in *Lelchook*.

Plaintiffs argue that they will be prejudiced by a stay of this action, and refer to their interest in proceeding "with no further delay" given the preceding "13 years of difficult litigation" in this case. Opposition at 6-7. But Plaintiffs fail to acknowledge that until the Second Circuit issued its June 9, 2021 decision and June 30, 2021 mandate, Plaintiffs had no reason to believe they had any viable claims in this action at all, given the prior dismissal of all claims. The "13 years" to which they refer are therefore in fact a matter of just a few months following the Second Circuit's mandate. That brief delay is insufficient to overcome the strong policy in favor of deciding claims on the merits. Further, Plaintiffs can demonstrate no prejudice from this brief delay. Nor would a stay of this action prejudice or delay Plaintiffs' ability to pursue their remaining claim against LCB, because they will be able immediately to litigate that claim and the other claims they and the other plaintiffs have asserted in *Lelchook*, which is already pending before this Court. Neither of the cases Plaintiffs cite involved a stay in favor of a parallel proceeding filed <u>in the same court</u> <u>by the same plaintiffs</u>, as here. *See Riverkeeper, Inc. v. Pruitt*, No. 17-CV-4916 (VSB), 2018 U.S. Dist. LEXIS 26960, at *7-9 (S.D.N.Y. Feb. 20, 2018) (adjudicating a dispute over water quality standards and rejecting a motion to stay litigation where the defendants' proposed alternative was

"the state rulemaking process"); *Am. Mfrs. Mut. Ins. Co. v. Payton Lane Nursing Home, Inc.*, No. CV-05-5155 (SJF), 2007 U.S. Dist. LEXIS 15160, at *13-16 (E.D.N.Y. Feb. 28, 2007) (denying motion to stay primarily because the defendant had "not shown that [contractually mandated] alternative dispute resolution [was] currently proceeding").

Plaintiffs apparently were prepared to re-litigate all of their claims in *Lelchook* at the time they chose to file that parallel action.  However, they now ignore the commonsense proposition that maintaining two duplicative lawsuits with substantially identical parties and an identical set of operative facts is an unnecessary burden on the time and resources of the Court and all parties. The interests of the judiciary and all parties in resolving Plaintiffs' claims efficiently and on the merits outweigh any marginal delay that a stay in this action might impose, particularly given that Plaintiffs' identical claims will be litigated <u>without delay</u> in *Lelchook*.  *See Pappas v. Mypizza Techs., Inc.*, No. 20-CV-5680, 2020 U.S. Dist. LEXIS 226769, at *2 (S.D.N.Y. Dec. 3, 2020) (outlining balancing test factors relevant to adjudicating a motion to stay) (citation omitted); *Bowes v. Am. Eagle Outfitters, Inc.*, No. 18-CV-9004 (VEC), 2021 U.S. Dist. LEXIS 23568, at *2-3 (S.D.N.Y. Feb. 8, 2021) (same) (citation omitted).

## <u>CONCLUSION</u>

This action should be stayed pending resolution of all claims, including Plaintiffs' remaining claim against LCB, in *Lelchook*.  In the alternative, LCB respectfully requests the opportunity to submit a motion in opposition to default judgment and in support of vacating the default entered against it.

Respectfully submitted.

November 24, 2021                          **SQUIRE PATTON BOGGS (US) LLP**

                                          */s/ Gassan A. Baloul*
Mitchell R. Berger (MB-4112)              Gassan A. Baloul (GB-4473)
mitchell.berger@squirepb.com              gassan.baloul@squirepb.com
2550 M Street, NW                         Joseph S. Alonzo (JA-1378)
Washington, DC 20037                      joseph.alonzo@squirepb.com
Telephone: (202) 457-6000                 1211 Avenue of the Americas, 26th Floor
Facsimile:  (202) 457-6315                New York, NY 10036
                                          Telephone: (212) 872-9800
                                          Facsimile:  (212) 872-9815


                                          *Attorneys for Defendant Lebanese Canadian*
                                          *Bank, SAL*