

Squire Patton Boggs (US) LLP
2550 M Street, NW
Washington, D.C.  20037

O   +1 202 457 6000
F   +1 202 457 6315
squirepattonboggs.com

Gassan A. Baloul
T    +1 202 457 6155
gassan.baloul@squirepb.com

March 1, 2022

**VIA ECF**

Hon. George B. Daniels
United States District Judge
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1310
New York, NY 10007-1312

Re:  *Kaplan v. Lebanese Canadian Bank, SAL*, No. 08-cv-7253 (S.D.N.Y.) (GBD)

Dear Judge Daniels:

      This law firm represents Defendant Lebanese Canadian Bank ("LCB") in the above-referenced action.  We have received this Court's Order (ECF 144) denying LCB's motion for a stay of this action pending further developments in a closely-related case, *Lelchook v. Lebanese Canadian Bank, SAL*, No. 18-cv-12401 ("*Lelchook*").

      As explained in both LCB's opening brief and its reply in support of the motion to stay, LCB intends to defend against Plaintiffs' remaining claim in this action, and believes it has meritorious legal and factual defenses to Plaintiffs' claims both here and in *Lelchook*, as well as grounds to set aside the Clerk's certificate of default against LCB in this action.  (*See* ECF 135 at 1-2, 6-7; ECF 142 at 2, 5-7.)

      In light of the above, we today conferred with Plaintiffs' counsel in an effort to agree on an orderly way forward, given LCB's previously stated position that, "should the Court not grant a stay, LCB plans to move to vacate the default entered against it in this action and oppose the motion for default judgment, based on the same meritorious defenses it has to the identical factual allegations in *Lelchook*" (ECF 135 at 1). We proposed that LCB's motion to vacate, and opposition to Plaintiffs' motion for default judgment, be due by no later than May 6, 2022.  Plaintiffs' counsel responded by stating that they "cannot consent to any date" either for LCB's motion to vacate the default or LCB's opposition to Plaintiffs' motion for default judgment, because Plaintiffs' counsel believes that Plaintiffs have a "substantive right" to a default judgment, notwithstanding LCB's stated intention to defend the remaining claim in this action on the merits.

45 Offices in 20 Countries

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs, which operates worldwide through a number of separate legal entities.

Please visit squirepattonboggs.com for more information.

Squire Patton Boggs (US) LLP                                                      Hon. George B. Daniels
                                                                                  March 1, 2022
**VIA ECF**

The Court of Appeals has emphasized that it "is well established that default judgments are disfavored. A clear preference exists for cases to be adjudicated on their merits." *Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 174 (2d Cir. 2001) (citing cases). Uninterested in an adjudication on the merits, Plaintiffs instead are angling for a tactical advantage on the sole remaining claim in this case, because all of Plaintiffs' other claims were dismissed following years of litigation. This Court should not indulge that type of requested advantage, which would yield a default judgment that is procedurally and substantively infirm, given that:

- LCB intends to move to vacate the Clerk's entry of default and litigate Plaintiffs' claims on the merits (ECF 135 at 1);

- Well-established public policy favors deciding Plaintiffs' claims on their merits, where, as here, LCB has meritorious defenses to Plaintiffs' claims in this action and in *Lelchook* (*see* ECF 135 at 6-7; ECF 14-2 at 2, 5-7);

- Plaintiffs have not demonstrated, and could not demonstrate, any prejudice caused by the brief procedural delay in this action following the Second Circuit's mandate (*see* ECF 14-2 at 6-7);

- Entry of a default judgment here would risk inconsistent and unfair results in *Lelchook* and elsewhere, both as to LCB and the other *Lelchook* defendants. It also would risk violation of the principle that, if a plaintiff loses on the merits in one case—*i.e., Lelchook*—it should not be entitled to judgment be default in a parallel case involving the same claims—*i.e.,* this action. (*See* ECF 135 at 5-6; ECF 142 at 1); and

- This Court has just entered an order denying LCB's motion to stay.

We respectfully request that the Court set a briefing schedule permitting LCB to file by no later than May 6, 2022, its motion to vacate the certificate of default and its opposition to Plaintiffs' motion for default judgment. We note that the Court has scheduled a status conference in both this action and *Lelchook* for May 25, 2022, and that LCB's papers thus would be filed well in advance of that conference.[1]

We thank the Court for its attention to this matter.

---

[1] Plaintiffs' counsel has requested that LCB advise the Court that Plaintiffs "oppose the relief [LCB] seek[s] and intend to file a letter responding to [LCB's] letter."

Squire Patton Boggs (US) LLP                                      Hon. George B. Daniels
                                                                  March 1, 2022
**VIA ECF**

        Respectfully submitted,

        Squire Patton Boggs (US) LLP


*/s/ Gassan A. Baloul*
Gassan A. Baloul