UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHAIM KAPLAN, *et al.*,

                Plaintiffs,

v.

LEBANESE CANADIAN BANK, SAL,

                Defendant.

Case No. 08-cv-7253 (GBD)

Oral Argument Requested

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT LEBANESE CANADIAN BANK, SAL'S MOTION TO VACATE ENTRY OF DEFAULT OR ALTERNATIVELY, FOR LEAVE TO OPPOSE PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**

March 14, 2022

Mitchell R. Berger (MB-4112)
mitchell.berger@squirepb.com
2550 M Street, NW
Washington, DC 20037
Telephone: (202) 457-6000
Facsimile: (202) 457-6315

**SQUIRE PATTON BOGGS (US) LLP**

Gassan A. Baloul (GB-4473)
gassan.baloul@squirepb.com
Joseph S. Alonzo (JA-1378)
joseph.alonzo@squirepb.com
1211 Avenue of the Americas, 26th Floor
New York, NY 10036
Telephone: (212) 872-9800
Facsimile: (212) 872-9815

*Attorneys for Defendant Lebanese Canadian Bank, SAL*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................................... 1

FACTS AND PROCEDURAL HISTORY ..................................................................................... 2

ARGUMENT .................................................................................................................................. 4

    I.    Legal Standard ................................................................................................... 4

    II.    Good Cause Exists to Vacate the Default. .......................................................... 5

        A.    The Default Should Be Vacated Because There Was No Willfulness. ................................................................................................ 5

        B.    The Default Should Be Vacated Because Plaintiff Has Not Been Prejudiced. ................................................................................................ 8

        C.    The Default Should Be Vacated Because Defendant Has Meritorious Defenses. ................................................................................................ 9

    III.    Alternatively, LCB Seeks Leave to Oppose Plaintiffs' Motion for Default Judgment. ........................................................................................................... 11

CONCLUSION ............................................................................................................................. 12

**PRELIMINARY STATEMENT**

Defendant Lebanese Canadian Bank, SAL ("LCB") has vigorously defended itself in this litigation for more than 13 years, and has every intention of continuing to do so until the case is finally and fully resolved. As a result of a mistaken understanding concerning LCB's plan to engage new counsel in this matter when this case returned to this Court after the latest appeal, however, the time for LCB to respond to the only claim that remains in the case lapsed, and the Clerk entered a Certificate of Default [ECF No. 126], based on which Plaintiffs moved for a default judgment [ECF No. 127] and LCB failed to oppose it within the time allowed by the Local Rules. Immediately upon the engagement of new counsel, LCB moved to stay further proceedings and, alternatively, advised the Court that it would move to vacate the Clerk's entry of default and seek leave to oppose Plaintiffs' motion for default judgment. [ECF Nos. 134-135].

LCB regrets this misunderstanding, and seeks leave to return this case to its pre-default status quo so that LCB can resume defending itself on the merits. Plaintiffs have not been prejudiced by the brief lapse in the 13-year history of active litigation in this case, and the extensive history of this litigation confirms that there are substantial grounds for litigating the remaining claim in this case on its merits, rather than by default.

Good cause exists under Federal Rule of Civil Procedure 55(c) to vacate this default because LCB's default was not willful, Plaintiffs have suffered no prejudice, and LCB has meritorious defenses to the remaining claim in this matter. LCB thus requests that the Court vacate the default so that it may present these defenses, and this Court may resolve this case on the merits.

Alternatively, if the Court declines to vacate the entry of default in this case, LCB respectfully requests that the Court grant it leave to submit an opposition to Plaintiffs' Motion for Default Judgment.

## FACTS AND PROCEDURAL HISTORY

LCB, through its original counsel, DLA Piper LLP (US) ("DLA"), actively and rigorously defended itself at every stage of this protracted litigation since it was filed in mid-2008. For example, LCB has filed multiple motions to dismiss and defended itself in multiple appeals and in a parallel action. *See, e.g.*, Mots. to Dismiss [ECF Nos. 34-35, 105-106]; Mandates [ECF Nos. 64, 87, 122].[1]

The latest appeal involved Plaintiffs' Second Amended Complaint [ECF No. 99], which Plaintiffs filed on December 5, 2018. This Court granted LCB's motion to dismiss the Second Amended Complaint in its entirety, with prejudice, on September 20, 2019. [ECF No. 113]. Plaintiffs appealed only the dismissal of their Justice Against Sponsors of Terrorism Act ("JASTA") aiding-and-abetting claim, and the Second Circuit reversed the dismissal with respect to that claim only.[2] [ECF No. 121]. The Second Circuit's Mandate, which remanded the case to this Court for further proceedings on that remaining claim, was transmitted to this Court on June 30, 2022. [ECF No. 122].

Undersigned counsel from Squire Patton Boggs (US) LLP ("SPB") are also counsel of record for LCB and one of the individual defendants, Mohamad Hamdoun, in a closely-related matter also pending in this Court, *Lelchook v. Lebanese Canadian Bank, SAL*, No. 18-cv-12401-GBD (S.D.N.Y.) (filed Dec. 31, 2018). Plaintiffs initiated the *Lelchook* case around the same time

---

[1] The case's protracted and complex procedural history—which involves removal from state court, four appeals to the Second Circuit, and certification of questions of New York law to the New York Court of Appeals—need not be repeated here, but is detailed in the Second Circuit's latest decision. *See Kaplan v. Lebanese Canadian Bank, SAL*, 999 F.3d 842, 845-53 (2d Cir. 2021); *see also* Br. for Defendant-Appellee at 15-18, *Kaplan v. Lebanese Canadian Bank, SAL*, No. 19-3522 [ECF No. 79] (2d Cir. June 22, 2020).

[2] As the Second Circuit noted (and Plaintiffs have conceded), Plaintiffs "abandoned their ATA claims and JASTA conspiracy claims," and the Second Circuit thus "address[ed] only their JASTA aiding-and-abetting claims." *Kaplan*, 999 F.3d at 845; *see also* Pls.' Mem. in Opp. to Mot. to Stay [ECF No. 141] at 8 (confirming that "this Court previously dismissed [the primary and conspiracy liability] claims, plaintiffs did not appeal that dismissal, and plaintiffs are not seeking default judgment thereon").

that they filed the Second Amended Complaint in this matter.  All of the parties to this action are also parties in *Lelchook*; Plaintiffs in this matter assert the same injuries as in *Lelchook*; the claims in *Lelchook* arise out of the same alleged facts; and the parties are now represented by the same counsel.

Given the overlap in claims, on or around the same time the Mandate was issued from the Second Circuit in this case, LCB was pursuing retention of new counsel to complete the litigation of this lawsuit.  *See* Declaration of Mohamad Ibrahim Hamdoun and Georges Zard Abou Jaoude ("LCB Decl.") ¶ 6.  As LCB worked to clarify and implement those arrangements, LCB operated under the mistaken belief that DLA would preserve the status quo allowing LCB to litigate the remainder of the case with SPB as its counsel.  *See* LCB Decl. ¶ 7.

Due to an apparent misunderstanding about preserving the status quo during this transition, on July 27, 2021 (less than a month after the Second Circuit's Mandate was transmitted to this Court), Plaintiffs requested a certificate of default [ECF No. 124], and the Clerk entered the Certificate of Default three days later on July 30, 2021 [ECF No. 126].  Plaintiffs moved for default judgment on October 6, 2021.  [ECF No. 127].  Counsel of record for LCB did not oppose the Plaintiffs' request to enter a default against LCB, or Plaintiffs' motion for a default judgment.

As soon as LCB finalized the retention of SPB in this matter, SPB entered their appearances on October 27, 2021.  [ECF Nos. 131-133]; LCB Decl. ¶ 8.  On the same day, LCB moved to stay this action in its entirety pending the outcome of the overlapping *Lelchook* matter.  [ECF Nos. 134-135].  In doing so, LCB expressed its opposition to default and its intent to continue to defend itself in this matter, noting that in the alternative, it planned to move to vacate the default entered and oppose Plaintiffs' motion for default judgment based on the same meritorious defenses it has to the identical factual allegations in *Lelchook*.  [ECF No. 135].  LCB promptly requested a briefing

schedule to oppose Plaintiffs' motion for default judgment and to move to vacate the certificate of default after the Court denied LCB's motion for a stay [ECF Nos. 144-145], and promptly filed the instant motion after the Court denied that request because "the timeliness of Defendant's proposed opposition to Plaintiffs' motion for default is in dispute," [ECF No 148].

## ARGUMENT

### I.     Legal Standard

In the Second Circuit, "[i]t is well established that default judgments are disfavored, and "[a] clear preference exists for cases to be adjudicated on the merits." *Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 174 (2d Cir. 2001). "[W]hen doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993); *see also Mejia v. Comme Des Garcons, Ltd.*, 2021 U.S. Dist. LEXIS 26455, at *3 (S.D.N.Y. Feb. 10, 2021) ("The recognition that 'default judgment is the most severe sanction which the court may apply' frames the good cause analysis, resulting in a 'strong preference for resolving disputes on the merits.'") (citations omitted).

Federal Rule of Civil Procedure 55(c) vests the Court with broad discretion to vacate the entry of default upon a showing of "good cause." *See New York v. Green*, 420 F.3d 99, 104, 109 (2d Cir. 2005); *see also* Fed. R. Civ. P. 55(c) ("The court may set aside an entry of default for good cause . . . ."); *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981) (per curiam) ("[T]he standard for setting aside the entry of a default pursuant to Rule 55(c) is less rigorous than the 'excusable neglect' standard for setting aside a default judgment by motion pursuant to Rule 60(b)."). Courts look to three factors to determine whether good cause exists to vacate a default under Rule 55(c): "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Enron Oil*, 10 F.3d at 96; *see also*

*Peterson v. Syracuse Police Dep't*, 467 F. App'x 31, 33 (2d Cir. 2012). All of these factors warrant vacating the default in this case.

## II.     Good Cause Exists to Vacate the Default.

Given that (1) there was no willfulness in LCB's brief delay in responding to the only remaining claim in the Second Amended Complaint after years of fully defending itself, (2) Plaintiffs have not been and will not be prejudiced, and (3) LCB has meritorious defenses, LCB respectfully submits that good cause exists to vacate the Clerk's Certificate of Default [ECF No. 126], or alternatively to file an opposition to Plaintiffs' motion for default judgment.

### A.     The Default Should Be Vacated Because There Was No Willfulness.

First, the default here was not "willful." A finding of willfulness is appropriate only where "there is evidence of bad faith or the default arose from egregious or deliberate conduct." *Alexander v. Private Protective Servs.*, No. 1:19-cv-10004 (JPO) (SDA), 2021 U.S. Dist. LEXIS 163807, at *4 (S.D.N.Y. Aug. 30, 2021) (citation and quotation marks omitted). "In the context of a default, willfulness 'refer[s] to conduct that is more than merely negligent or careless,' but is instead 'egregious and not satisfactorily explained.'" *Am. Empire Surplus Lines Ins. Co. v. Concord Restoration*, No. 20-CV-2341 (RPK) (RER), 2021 U.S. Dist. LEXIS 141338, at *8 (E.D.N.Y. July 28, 2021) (alteration in original) (quoting *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 186 (2d Cir. 2015)). "[I]ndeed, [e]ven gross negligence does not suffice." *Bartman v. L'Officiel USA Inc.*, No. 21-cv-1987 (RA), 2021 U.S. Dist. LEXIS 219969, at *5 (S.D.N.Y. Nov. 15, 2021) (second alteration in original) (citation and quotation marks omitted). Rather, "[d]efault is willful where a defendant demonstrates 'a clear pattern of willful and deliberate disregard for the litigation.'" *Am. Empire Surplus Lines*, 2021 U.S. Dist. LEXIS 141338, at *8 (quoting *Bricklayers*, 779 F.3d at 187). Finally, "[c]ourts should resolve any doubt about a defendant's willfulness in its favor."

- 5 -

*Alexander*, 2021 U.S. Dist. LEXIS 163807, at *4 (alterations, citation, and quotation marks omitted); *see also Enron Oil*, 10 F.3d at 98).

This is not a case where the defendant willfully failed to defend itself. Rather, as detailed above, LCB has actively and rigorously defended itself at every stage of this litigation for more than *13 years*. *See* LCB Decl. ¶¶ 4-5. LCB, for example, has filed multiple motions to dismiss and defended itself in multiple appeals. *See, e.g.*, Mots. to Dismiss [ECF Nos. 34-35, 105-106]; Mandates [ECF Nos. 64, 87, 122]. LCB has consistently fulfilled its obligations as a litigant in defending this case, demonstrating that the default here was not willful. *Cf. Enron Oil*, 10 F.3d at 97-98 (finding no willfulness where the party's prior conduct "evidence[d] his intent to fulfill his obligations as a litigant").

Rather, the default here resulted from unintentional confusion regarding LCB's plan to engage SPB as its counsel to complete the litigation of this case after the Second Circuit's latest Mandate. As this Mandate was transmitted to this Court on June 30, 2021 [ECF No. 122], LCB was contemporaneously seeking to retain new counsel at SPB, which represents LCB in the closely-related *Lelchook* action. LCB Decl. ¶ 6. As LCB worked to clarify and implement arrangements for SPB to take over the defense in this matter, LCB mistakenly anticipated that its counsel of record would preserve the status quo until the arrangement with SPB was finalized. LCB Decl. ¶ 7. After arrangements to retain SPB were completed, undersigned counsel entered their appearances, and on the same day, LCB moved to stay this action in its entirety pending the outcome of the overlapping *Lelchook* matter [ECF Nos. 131-133, 135]. LCB Decl. ¶ 8. In doing so, LCB noted that in the event that the Court did not stay the matter pending *Lelchook*, LCB would move to vacate the default entered and seek to oppose Plaintiffs' motion for default

judgment based on the same meritorious defenses it has asserted to the identical factual allegations in *Lelchook*. [ECF No. 135].

LCB's brief delay in proceeding following the Second Circuit's Mandate until undersigned counsel appeared for LCB resulted from mere mistake, which does not rise to the level of willfulness. *See* LCB Decl. ¶ 7; *cf. Pecarsky*, 249 F.3d at 172 (default not willful where the party, who was working to obtain new counsel, failed to appear); *Elohim EPF USA, Inc. v. 162 D & Y Corp.*, No. 19-cv-2431 (AJN), 2021 U.S. Dist. LEXIS 105482, at *9 (S.D.N.Y. June 4, 2021) (no willfulness where failure to appear was the result of a misunderstanding regarding which counsel was representing defendant).

Moreover, even if these circumstances could be characterized as willfulness—which they should not be—the balance of factors still warrants vacating the default here. "A finding of a defendant's willfulness is relevant but not dispositive to the default judgment inquiry." *Bartman*, 2021 U.S. Dist. LEXIS 219969, at *5 (citation and quotation marks omitted). "[E]ven when defendant's conduct may be considered willful, a default judgment against him may be vacated if he presents valid defenses and plaintiff would not be prejudiced if the default judgment was vacated." *Id.* at *7 (citation omitted). Setting aside a willful default where the balance of the factors weighs in favor of doing so "is in keeping with the Second Circuit's 'strong preference for resolving disputes on the merits,'" *Clark v. N.Y.C. Hous. Auth.*, 2021 U.S. Dist. LEXIS 108538, at *16 (S.D.N.Y. June 10, 2021) (citation omitted), and with the rule that any doubt as to whether the default should be vacated "should be resolved in favor of the defaulting party," *Enron Oil*, 10 F.3d at 96.

Accordingly, courts in this District frequently vacate defaults, even where the default is willful (which it is not here), where (as is the case here) the other factors weigh in favor of vacatur.

*See Sea Hope Navigation Inc. v. Novel Commodities SA*, 978 F. Supp. 2d 333, 341 (S.D.N.Y. 2013) (collecting cases in which vacatur was warranted in spite of willfulness of the default); *Clark*, 2021 U.S. Dist. LEXIS 108538, at *16 (same); *see, e.g.*, *Wildflower + Co. v. Mood Apparel, Ltd.*, 338 F.R.D. 192, 199 (S.D.N.Y. 2021) ("Despite our assumption that [the] default was willful, which favors denying the motion to vacate, the other factors ultimately weigh in favor of setting aside the default."); *Sun Yeul Hong v. Mommy's Jamaican Mkt. Corp.*, No. 20-cv-9612 (LJL), 2021 U.S. Dist. LEXIS 244490, at *8 (S.D.N.Y. Dec. 22, 2021) ("Even if [defendants' conduct] could be characterized as willful, it is so close to the line that, given the other factors in the case, the judgment should be vacated."); *Puddu v. 6D Glob. Techs., Inc.*, No. 15-cv-8061 (AJN), 2020 U.S. Dist. LEXIS 95460, at *15 (S.D.N.Y. May 31, 2020) (noting that even if the court were to find that the conduct was willful, it "would not alter the balance of the factors, which would still weigh in favor of vacating the default").

Here, the balance of factors decidedly warrants vacating the default because, as set forth below, Plaintiffs have suffered no prejudice and LCB has multiple meritorious defenses.

**B.     The Default Should Be Vacated Because Plaintiff Has Not Been Prejudiced.**

Vacating the default is also appropriate because Plaintiff has suffered no prejudice. Plaintiff bears the burden of demonstrating that "any prejudice resulting from defendant's default cannot be rectified in the Court in another manner were the default to be vacated." *Patrick v. Local 51, Am. Postal Workers Union*, No. 19-cv-10715 (NSR), 2020 U.S. Dist. LEXIS 80219, at *10 (S.D.N.Y. May 6, 2020) (citation omitted). "[D]elay standing alone does not establish [the] prejudice" required to defeat a motion to vacate a default. *Johnson v. N.Y. Univ.*, 324 F.R.D. 65, 71 (S.D.N.Y. 2018) (quoting *Enron Oil*, 10 F.3d at 98); *see, e.g.*, *Interactive Gift Express, Inc. v. Compuserve Inc.*, No. 95 Civ. 6871 (BSJ), 1996 U.S. Dist. LEXIS 10620, *4 (S.D.N.Y. July 23,

1996) ("The delay suffered by plaintiff, not great in any event, is not by itself sufficient to establish prejudice."). Rather, prejudice only results when delay results in "the loss of evidence, create[s] increased difficulties of discovery, or provide[s] greater opportunity for fraud and collusion." *Johnson*, 324 F.R.D. at 71 (quoting *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983)).

Here, Plaintiffs cannot demonstrate that they will be prejudiced if default is vacated. There have been "no lost documents, no increased difficulties of discovery, no opportunities for fraud, and no advantages inuring to [LCB] from delay as a result of [the] failure to answer." *Mommy's Jamaican*, 2021 U.S. Dist. LEXIS 244490, at *12-13 (finding no prejudice where "Defendants failed to file a responsive pleading for almost a year and the corporate defendant has ceased operations"). Here, this litigation has been ongoing since 2008, and the brief delay in proceeding following the Second Circuit's Mandate until undersigned counsel appeared for LCB resulted in no prejudice to Plaintiff. For this reason, the default should be vacated to permit the parties—consistent with the Second Circuit's Mandate—to engage in further proceedings and resolve the remaining JASTA aiding-and-abetting claim on the merits.

### C. The Default Should Be Vacated Because Defendant Has Meritorious Defenses.

Finally, Defendant has several meritorious defenses to Plaintiffs' sole remaining claim. "To satisfy the criterion of a 'meritorious defense,' the defense need not be ultimately persuasive at this stage." *Mejia*, 2021 U.S. Dist. LEXIS 26455, at *6 (quoting *Am. All. Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996). The defaulting party "need not establish his defense conclusively, but he must present evidence of facts that, if proven at trial, would constitute a complete defense." *Id.* at *5-6 (quoting *Green*, 420 F.3d at 109). "A defense is meritorious if it is good at law so as to give the factfinder some determination to make." *Millennial Plastic Surgery PLLC v. James*, No. 21 Civ. 9590 (ER), 2022 U.S. Dist. LEXIS 24187, at *7-8 (S.D.N.Y. Feb. 10,

2022) (citation omitted). "This threshold is very low." *Vedder Price P.C. v. US Capital Partners, LLC*, No. 16 Civ. 6787 (JPO), 2017 U.S. Dist. LEXIS 152945, at *8 (S.D.N.Y. Sept. 20, 2017) (citation and quotation marks omitted); *see also Johnson*, 324 F.R.D. at 72 ("The defaulting defendant need only meet a low threshold to satisfy this factor.") (citation omitted).

Here, LCB has multiple meritorious defenses to the only remaining claim—Plaintiffs' JASTA aiding-and-abetting claim—just as it had for all prior claims that LCB has successfully moved to dismiss in this matter. For example, there can be no JASTA aiding-and-abetting liability as to LCB, because Plaintiffs will not be able to establish, as a factual matter, that LCB was aware of its customers' connections with Hezbollah before the relevant attacks, or that LCB's customers were so "closely intertwined" with Hezbollah's "violent terrorist activities" that one can reasonably infer LCB was "generally aware of its role in unlawful activities from which the attacks were foreseeable" at the time it provided financial services to the alleged customers. *Honickman v. BLOM Bank SAL*, 6 F.4th 487, 501 (2d Cir. 2021) (citing *Kaplan*, 999 F.3d at 860); *see also Weiss v. Nat'l Westminster Bank*, 993 F.3d 144, 166-67 (2d Cir. 2021) (no JASTA aiding-and-abetting-claim where record was insufficient to show that the bank had been knowingly providing substantial assistance to Hamas, the foreign terrorist organization, or that the bank was generally aware that it was playing a role in Hamas' acts of terrorism).

In addition, Plaintiffs' JASTA aiding-and-abetting liability claim is deficient because Plaintiffs will not be able to establish as a factual matter that LCB had "actual knowledge" that it was providing "substantial" assistance to the primary wrong, i.e. the relevant attacks. As the Second Circuit made clear in remanding the matter back to this Court, the "knowingly" component of "substantial assistance" for a JASTA aiding and abetting claim requires "actual

knowledge." *Kaplan*, 999 F.3d at 863-64. "That knowledge component 'is designed to avoid' imposing liability on 'innocent, incidental participants.'" *Id.* at 864 (citation omitted).[3]

These defenses raise serious questions as to the viability of Plaintiff's claim, which is more than enough to meet "the low threshold necessary to satisfy this factor." *Puddu*, 2020 U.S. Dist. LEXIS 95460, at *13. LCB requests that the default be vacated so that, consistent with the Second Circuit's strong preference for adjudicating disputes on the merits, LCB may present these meritorious defenses to the Court.

### III.     Alternatively, LCB Seeks Leave to Oppose Plaintiffs' Motion for Default Judgment.

In the event that the Court declines to vacate the entry of default, LCB respectfully requests leave to submit an opposition to Plaintiffs' Motion for Default Judgment [ECF Nos. 127-129]. "While courts are entitled to enforce compliance with the time limits of the Rules by various means, the extreme sanction of a default judgment must remain a weapon of last, rather than first, resort." *Meehan*, 652 F.2d at 277. As the Second Circuit has held, "[i]t is the responsibility of the trial court to maintain a balance between clearing its calendar and affording litigants a reasonable chance to be heard" and that "an understandable zeal for a tidy, reduced calendar of cases should not overcome a court's duty to do justice in the particular case." *Enron Oil*, 10 F.3d at 96.

Here, if the Court does not vacate the entry of default, then justice weighs in favor of permitting LCB an opportunity to be heard in opposition to Plaintiffs' Motion for Default Judgment. Indeed, LCB has vigorously and successfully defended Plaintiffs' claims against it in this case for the past 13 years, and LCB should accordingly be permitted the opportunity to present

---

[3] LCB also has valid defenses on the other claims in the Second Amended Complaint, but as Plaintiffs have admitted, these claims were dismissed and abandoned, and the Second Circuit remanded for further proceedings only on the JASTA aiding-and-abetting claim. *See supra* n.2. These defenses also apply to the substantially identical factual allegations in *Lelchook* and are laid out in further detail in the Memorandum of Law in Support of Motion to Dismiss of Defendants Lebanese Canadian Bank and Mohamed Hamdoun in that case. No. 1:18-cv-12401-GBD [ECF No. 41].

valid and meritorious defenses to the entry of a default judgment against it at this late stage of the case.

## CONCLUSION

For the reasons set forth above, Defendant respectfully submits that good cause exists under Rule 55(c) to vacate the default. Alternatively, Defendant respectfully requests leave to submit an opposition to Plaintiffs' Motion for Default Judgment.

March 14, 2022

Mitchell R. Berger (MB-4112)
mitchell.berger@squirepb.com
2550 M Street, NW
Washington, DC 20037
Telephone: (202) 457-6000
Facsimile: (202) 457-6315

Respectfully submitted,

**SQUIRE PATTON BOGGS (US) LLP**

*/s/Gassan A. Baloul*
Gassan A. Baloul (GB-4473)
gassan.baloul@squirepb.com
Joseph S. Alonzo (JA-1378)
joseph.alonzo@squirepb.com
1211 Avenue of the Americas, 26th Floor
New York, NY 10036
Telephone: (212) 872-9800
Facsimile: (212) 872-9815

*Attorneys for Defendant Lebanese Canadian Bank, SAL*