## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

CHAIM KAPLAN, *et al.*,

                                Plaintiffs,              Case No. 08-cv-7253 (GBD)

v.

LEBANESE CANADIAN BANK, SAL,

                                Defendant.

## DECLARATION OF MOHAMAD IBRAHIM HAMDOUN
## AND GEORGES ZARD ABOU JAOUDE

Pursuant to 28 U.S.C. 1746, we hereby declare as follows:

1.      We are the two Liquidation Trustees for Lebanese Canadian Bank, SAL ("LCB"). We have personal knowledge of the matters set forth in this Declaration and can competently testify to these statements if called as witnesses.  We speak and read English sufficiently to execute this Declaration, but we have had assistance from counsel in the phrasing of technical aspects of this Declaration, which we respectfully submit in support of LCB's Motion to Vacate Entry of Default in this case.

2.      LCB is a Lebanese bank based in Beirut, Lebanon, currently in the process of liquidation in Lebanon under procedures established by Lebanese law.

3.      As Liquidation Trustees for LCB, our duties, among others, include disposing of LCB's assets in a manner designed to maximize the amount available for creditors and prioritizing the budgeting of LCB's expenditures to creditors in a manner that complies with the requirements of the laws of Lebanon.

4.      Through LCB's original counsel in this case, DLA Piper LLP (US) ("DLA"), LCB has vigorously defended itself in this litigation since it was first filed in 2008, including pursuing several motions to dismiss, defending multiple appeals to the U.S. Court of Appeals for the Second Circuit, litigating a certified question to the New York Court of Appeals, and opposing a writ of certiorari to the U.S. Supreme Court.

5.      We recite this history to show that LCB has defended itself against Plaintiffs' claims at every stage of the litigation, fully and on the merits, for over 13 years and to demonstrate LCB's intent to continue to defend itself following the U.S. Court of Appeals for the Second Circuit's remand of the case at the end of June 2021.

6.      On or around the time the mandate was issued from the U.S. Court of Appeals for the Second Circuit, LCB was pursuing a change of counsel from DLA to Squire Patton Boggs (US) LLP ("SPB"), as SPB represents LCB and Mr. Hamdoun in a closely-related action also pending in this Court, *Lelchook v. Lebanese Canadian Bank, SAL,* No. 18-cv-12401-GBD (S.D.N.Y.).

7.      During the period that LCB was working to clarify and implement the appointment of SPB as counsel for LCB in this lawsuit, we anticipated that DLA would preserve the status quo allowing LCB to litigate the remainder of the case with SPB as its counsel.  Apparently, however, there was a misunderstanding, and counsel of record for LCB did not oppose the Plaintiffs' request to enter a default against LCB, or Plaintiffs' motion for a default judgment.

8.      As soon as SPB was retained to represent LCB in this matter, SPB immediately entered its appearance for LCB and moved this Court to stay the action in its entirety pending the outcome of the overlapping *Lelchook* matter, noting that if the Court denied the stay, LCB would move to vacate the default entered in this case.

2

We declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in Athens, Greece on this 14th day of March, 2022.

_____
Mohamad Ibrahim Hamdoun

Executed in Beirut, Lebanon on this 14th day of March, 2022.

_____
Georges Zard Abou Jaoude

3

We declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in Athens, Greece on this 14th day of March, 2022.

_____
Mohamad Ibrahim Hamdoun

Executed in Beirut, Lebanon on this 14th day of March, 2022.

_____
Georges Zard Abou Jaoude

3