## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| CHAIM KAPLAN, *et al.*,<br><br>                         Plaintiffs,<br><br>v.<br><br>LEBANESE CANADIAN BANK, SAL,<br><br>                         Defendant. | Case No. 08-cv-7253 (GBD)<br><br>**ANSWER TO**<br>**SECOND AMENDED COMPLAINT** |

May 31, 2022

Mitchell R. Berger (MB-4112)
mitchell.berger@squirepb.com
2550 M Street, NW
Washington, DC 20037
Telephone: (202) 457-6000
Facsimile:  (202) 457-6315

**SQUIRE PATTON BOGGS (US) LLP**

Gassan A. Baloul (GB-4473)
gassan.baloul@squirepb.com
Joseph S. Alonzo (JA-1378)
joseph.alonzo@squirepb.com
1211 Avenue of the Americas, 26th Floor
New York, NY 10036
Telephone: (212) 872-9800
Facsimile:  (212) 872-9815

*Attorneys for Defendant Lebanese Canadian Bank, SAL*

Defendant Lebanese Canadian Bank, SAL ("LCB") answers the allegations in the numbered paragraphs of Plaintiffs' Second Amended Complaint (ECF No. 99) ("SAC") as follows:[1]

1.      The allegations in this paragraph state legal conclusions and Plaintiffs' characterization of their claims, to which no response is required.  To the extent the allegations in this paragraph are deemed to require a response, LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations, except to admit that Plaintiffs have invoked the Antiterrorism Act ("ATA"), 18 U.S.C. § 2333, in bringing this civil action for damages.

2.      LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations.

3.      LCB denies the allegations in this paragraph.

4.      LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4 of the SAC's "The Parties" section and therefore denies these allegations.

5.      LCB denies the allegations in paragraph 5 of the SAC's "The Parties" section, except to admit that it previously was a bank organized under the laws of, and headquartered in, Lebanon, and further to aver that it is currently in liquidation after having relinquished its banking license and no longer operates as a bank.

6.      LCB denies the allegations in this paragraph.

---

[1] Each numbered paragraph in this answer corresponds with and responds to the paragraph in the SAC bearing the same number, except where Plaintiffs have re-used the same paragraph number twice in the SAC.  Where Plaintiffs have re-used the same paragraph number, *e.g.* SAC, at 2 (containing two separate paragraphs numbered "4"), LCB clarifies which paragraph of the SAC it is answering by referring to the relevant section header.

4.      The allegations in paragraph 4 of the SAC's "Jurisdiction" section state legal conclusions, to which no response is required.

5.      LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5 of the SAC's "Statement of Facts" section and therefore denies these allegations.

8.      LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations.

9.      LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations.

10.     LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations.

11.     LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations.

12.     LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations.

13.     LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations.

14.     LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations.

15.     LCB denies the allegations in this paragraph insofar as they relate to LCB, and otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies them.

16.     LCB denies the allegations in this paragraph insofar as they relate to LCB, and otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies them.

17.     LCB denies the allegations in this paragraph insofar as they relate to LCB, and otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies them.

18.     LCB denies the allegations in this paragraph insofar as they relate to LCB, and otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies them.

19.     LCB denies the allegations in this paragraph insofar as they relate to LCB, and otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies them, except to admit, on information and belief, that Hizbollah was designated as a Specially Designated Terrorist in 1995, as a Foreign Terrorist Organization in 1997, and as a Specially Designated Global Terrorist in 2001.

20.     LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations, except to admit that (i) the first quotation in this paragraph appears in the Congressional Research Service report cited in footnote 2; and (ii) the second quotation in this paragraph appears in the post on the Washington Institute for Near East Policy's website cited in footnote 3; and without admitting the truth of either quotation or any portion thereof.

21.     LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations, except to admit that

"martyr" is an accurate translation for the Arabic word often transliterated as "Shahid" or "Shaheed."

22.     LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations, except to admit that the quotations in this paragraph appear in the report cited in footnotes 5 and 6, and without admitting the truth of these quotations or any portion thereof.

23.     LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations, except to admit that the quotation in this paragraph appears in the U.S. Treasury Department press release cited in footnote 7, and without admitting the truth of the quotation or any portion thereof.

24.     LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations except to admit that the quotation in this paragraph appears in the U.S. Treasury Department press release, and without admitting the truth of the quotation or any portion thereof.

25.     LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations, except to admit, on information and belief, that Hizbollah was designated as a Specially Designated Terrorist in 1995, as a Foreign Terrorist Organization in 1997, and as a Specially Designated Global Terrorist in 2001.

26.     The allegations in the first sentence of this paragraph contain legal conclusions to which no response is required.  To the extent the allegations in the first sentence of this paragraph are deemed to require a response, and with respect to the allegations in the second sentence of this

paragraph, LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations.

27.     LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations.

28.     LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations.

29.     The allegations in this paragraph call for speculation such that no response is required.  To the extent the allegations in this paragraph are deemed to require a response, LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations.

30.     LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations.

31.     LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations.

32.     LCB denies the allegations in this paragraph and states that it previously was a bank organized under the laws of, and headquartered in Lebanon, and it is currently in liquidation after having relinquished its banking license and no longer operates as a bank.

33.     LCB denies the allegations in this paragraph and states that it previously was a bank organized under the laws of, and headquartered in Lebanon, and it is currently in liquidation after having relinquished its banking license and no longer operates as a bank.

34.     LCB denies the allegations in this paragraph.

35.     LCB denies the allegations in this paragraph, except to admit that, during periods of time when LCB operated as a bank, Amex Bank served as a correspondent bank for LCB in New York.

36.     LCB denies the allegations in this paragraph, except to admit that, during periods of time when LCB operated as a bank, Amex Bank served as a correspondent bank for LCB in New York.

37.     LCB denies the allegations in this paragraph.

38.     LCB denies the allegations in this paragraph.

39.     LCB denies the allegations in this paragraph.

40.     The allegations in this paragraph contain legal argument, to which no response is required.  To the extent the allegations in this paragraph are deemed to require a response, LCB denies these allegations.

41.     LCB denies the allegations in this paragraph.

42.     LCB denies the allegations in this paragraph.

43.     LCB denies the allegations in this paragraph.

44.     LCB denies the allegations in this paragraph.

45.     LCB denies the allegations in this paragraph.

46.     LCB denies the allegations in this paragraph.

47.     LCB denies the allegations in this paragraph.

48.     LCB denies the allegations in this paragraph.

49.     LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations.

50.     LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations.

51.     LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations, except to admit that Chaim Kaplan and Rivka Kaplan received damages awards of $3 million and $2.5 million, respectively, in the cited District of Columbia action, *Kaplan v. Central Bank*, Civ. No. 10-00483 (RCL).

52.     LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations, except to admit that Brian Erdstein, Karene Erdstein, and Ma'ayan Erdstein received damages awards of $2.5 million, $3.5 million, and $1.5 million, respectively, in the cited District of Columbia action.

53.     LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations, except to admit that Chayim Kumer and Nechama Kumer received damages awards of $2 million and $1.5 million, respectively, in the cited District of Columbia action.

54.     LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations, except to admit that Laurie Rappeport and Margalit Rappeport received damages awards of $2.35 million and $1.5 million, respectively, in the cited District of Columbia action.

55.     LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations, except to admit that Theodore Greenberg and Moreen Greenberg each received damages awards of $2.5 million in the cited District of Columbia action.

56.     LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations, except to admit that Jared Sauter received a damages award of $1.5 million in the cited District of Columbia action.

57.     LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations, except to admit that Dvora Kaszemacher received a damages award of $2,361,966.67 in the cited District of Columbia action.

58.     LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations, except to admit that Chaya Alkareif received a damages award of $2.25 million in the cited District of Columbia action.

59.     LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations, except to admit that Avishai Reuvane and Elisheva Aron each received damages awards of $1.5 million in the cited District of Columbia action.

60.     LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations, except to admit that Yair Mor received a damages award of $850,000 in the cited District of Columbia action.

61.     LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations, except to admit that Mikimi Steinberg received a damages award of $850,000 in the cited District of Columbia action.

62.     LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations.

63.     LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations.

64.     LCB denies the allegations in this paragraph.

65.     LCB denies the allegations in this paragraph.

66.     LCB denies the allegations in this paragraph.

67.     LCB denies the allegations in this paragraph.

68.     LCB denies the allegations in this paragraph.

69.     LCB denies the allegations in this paragraph.

70.     LCB denies the allegations in this paragraph.

71.     LCB denies the allegations in this paragraph.

72.     LCB denies the allegations in this paragraph.

73.     LCB denies the allegations in this paragraph.

74.     LCB denies the allegations in this paragraph, except to admit, on information and belief, that Hizbollah was designated as a Specially Designated Terrorist in 1995, as a Foreign Terrorist Organization in 1997, and as a Specially Designated Global Terrorist in 2001.

75.     LCB denies the allegations in this paragraph, except to admit that, during the period between 2004 and July 12, 2006, LCB was generally aware of rules promulgated by the Financial Action Task Force ("FATF") and by the Middle East and North Africa Financial Action Task Force ("MENAFATF").

76.     LCB denies the allegations in this paragraph, and states, on information and belief, that Shahid, Bayt al-Mal, and Yousser were not listed on any OFAC list of designated terrorist organizations at the time of the alleged rocket attacks or prior thereto.

77.     LCB denies the allegations in this paragraph insofar as they relate to LCB; lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies them; and states, on information and belief, that Shahid,

Bayt al-Mal, and Yousser were not listed on any OFAC list of designated terrorist organizations at the time of the alleged rocket attacks or prior thereto.

78.     LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations.

79.     LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations, except to admit that:

    i.    The quotation in subsection (h) of this paragraph appears in the Federal Research Division report linked in subjection (h);

    ii.    The quotation in subsection (i) of this paragraph appears in the cited Slate Magazine article;

    iii.    The quotation in subsection (k) of this paragraph appears in the cited post on the Washington Institute for Near East Policy's website;

    iv.    The quotation in subsection (m) of this paragraph appears in the linked Infantry Magazine article;

    v.    The quotation in subsection (n) of this paragraph appears in Dr. Levitt's cited testimony before Congress;

    vi.    The quotation in subsection (o) of this paragraph appears in Paragraph 48 of the cited complaint filed in *Ayyash v. Bank Al-Madina*, Civ. No. 04-9201 (S.D.N.Y.); and

    vii.    The quotation in subsection (p) of this paragraph appears in footnote 1 of the *Ayyash* court's cited opinion and order;

and without admitting the truth of these quotations or any portion thereof.

80.     LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations.

81.     LCB denies the allegations in this paragraph with respect to LCB and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies those allegations, except to admit that the quotation in this paragraph appears in the U.S. Treasury Department press release cited in footnote 9, and without admitting the truth of the statement or any portion thereof.  LCB also states, on information and belief, that neither Husayn al-Shami nor Bayt al Mal was listed on any OFAC list of designated terrorist organizations at the time of the alleged rocket attacks or prior thereto.

82.     LCB denies the allegations in this paragraph, and states, on information and belief, that Shahid, Bayt al-Mal, and Yousser were not listed on any OFAC list of designated terrorist organizations at the time of the alleged rocket attacks or prior thereto.

83.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent the allegations in this paragraph are deemed to require a response, LCB denies these allegations and states, on information and belief, that Shahid, Bayt al-Mal, and Yousser were not listed on any OFAC list of designated terrorist organizations at the time of the alleged rocket attacks or prior thereto.

84.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent the allegations in this paragraph are deemed to require a response, LCB denies these allegations and states, on information and belief, that Shahid, Bayt al-Mal, and Yousser were not listed on any OFAC list of designated terrorist organizations at the time of the alleged rocket attacks or prior thereto.

85.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent the allegations in this paragraph are deemed to require a response, LCB denies these allegations.

86.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent the allegations in this paragraph are deemed to require a response, LCB denies these allegations and states, on information and belief, that Shahid, Bayt al-Mal, and Yousser were not listed on any OFAC list of designated terrorist organizations at the time of the alleged rocket attacks or prior thereto.

87.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent the allegations in this paragraph are deemed to require a response, LCB denies these allegations.

88.     LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations.

89.     LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations.

90.     LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations, except to admit that Hizbollah is a political organization in Lebanon.

91.     LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations, except to admit that Hizbollah is a political organization in Lebanon that has held seats in the Lebanese parliament, has been part of the Lebanese central government, and has held seats in various municipal governments in Lebanon.

92.     LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations.

93.     LCB denies the allegations in this paragraph.

94.     LCB denies the allegations in this paragraph.

95.     LCB denies the allegations in this paragraph.

96.     LCB denies the allegations in this paragraph.

97.     LCB denies the allegations in this paragraph.

98.     LCB denies the allegations in this paragraph, except to admit that on February 17, 2011, the United States Treasury published a notice of finding at 76 Fed. Reg. 9403 relating to LCB, to which LCB respectfully refers the Court for a further recitation of its contents; and that in December 2011, the United States brought a forfeiture action against LCB. LCB further avers that the forfeiture action was resolved without any admission or finding of wrongdoing by LCB.

99.     LCB hereby incorporates its responses to the previous allegations as if fully set forth herein.

100.    The allegations in this paragraph state legal conclusions to which no response is required. To the extent the allegations in this paragraph are deemed to require a response, LCB denies these allegations.

101.    The allegations in this paragraph state legal conclusions to which no response is required. To the extent the allegations in this paragraph are deemed to require a response, LCB denies these allegations.

102.    The allegations in the first sentence of this paragraph state legal conclusions to which no response is required. To the extent the allegations in the first sentence of this paragraph are deemed to require a response, LCB denies these allegations. With respect to the allegations in

the remainder of this paragraph, LCB denies these allegations insofar as they relate to LCB, and otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies them.

103.   The allegations in this paragraph state legal conclusions to which no response is required.  To the extent the allegations in this paragraph are deemed to require a response, LCB denies these allegations.

104.   The allegations in this paragraph state legal conclusions to which no response is required.  To the extent the allegations in this paragraph are deemed to require a response, LCB denies these allegations.

105.   The allegations in this paragraph state legal conclusions to which no response is required.  To the extent the allegations in this paragraph are deemed to require a response, LCB denies these allegations.

106.   The allegations in this paragraph state legal conclusions to which no response is required.  To the extent the allegations in this paragraph are deemed to require a response, LCB denies these allegations.

107.   The allegations in this paragraph state legal conclusions to which no response is required.  To the extent the allegations in this paragraph are deemed to require a response, LCB denies these allegations.

108.   LCB hereby incorporates its responses to the previous allegations as if fully set forth herein.

109.   The allegations in this paragraph state legal conclusions to which no response is required.  To the extent the allegations in this paragraph are deemed to require a response, LCB

lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

110.     The allegations in this paragraph state legal conclusions to which no response is required.  To the extent the allegations in this paragraph are deemed to require a response, LCB lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies them.

111.     LCB lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies them.

112.     LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them, except to admit that, on information and belief, Hizbollah was designated as a foreign terrorist organization on October 8, 1997.

113.     The allegations in this paragraph state legal conclusions to which no response is required.  To the extent the allegations in this paragraph are deemed to require a response, LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

114.     The allegations in the first sentence of this paragraph state legal conclusions to which no response is required.  To the extent the allegations in the first sentence of this paragraph are deemed to require a response, and with respect to the allegations in the remainder of this paragraph, LCB denies these allegations.

115.     LCB denies the allegations in the first sentence of this paragraph.  LCB denies the allegations in the remainder of this paragraph insofar as they relate to LCB, and otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in the remainder of this paragraph and therefore denies them.

116.    The allegations in this paragraph state legal conclusions to which no response is required.  To the extent the allegations in this paragraph are deemed to require a response, LCB denies these allegations.

## DEFENSES

1.    Plaintiffs fail to state a claim upon which relief can be granted because Plaintiffs have failed to allege facts sufficient to establish (1) that LCB's actions were acts of "international terrorism" as defined in 18 U.S.C. § 2331; (2) that LCB had the knowledge or intent required under a JASTA aiding-and-abetting claim; or (3) that LCB's actions constituted substantial assistance as required to state a JASTA aiding-and-abetting claim.

2.    Plaintiffs' asserted injuries were not caused by LCB, but rather were caused by other individuals and/or entities who are not parties to this action.

3.    There is no causal connection between any of LCB's actions and Plaintiffs' asserted injuries.

4.    No act or omission of any agent, servant, or employee of LCB proximately caused any harm or damages to Plaintiffs.

5.    Based on the doctrines of several liability and/or combined or comparative fault, LCB is not liable for Plaintiffs' damages.

In response to Plaintiffs' claims, LCB intends to invoke all other defenses, including affirmative defenses, that become apparent in the future (including through discovery), and reserves the right, in accordance with applicable federal rules, to assert such defenses at a later point in time.

## PRAYER FOR RELIEF

Based upon the foregoing, LCB requests that the Court enter judgment on the Second Amended Complaint in its favor and against Plaintiffs as follows:

1.      Dismissing Plaintiffs' claims against LCB with prejudice;

2.      Awarding LCB its costs of defending this action; and

3.      Awarding such other and further relief as the Court may deem proper.

May 31, 2022

Mitchell R. Berger (MB-4112)
mitchell.berger@squirepb.com
2550 M Street, NW
Washington, DC 20037
Telephone: (202) 457-6000
Facsimile:  (202) 457-6315

Respectfully submitted.

**SQUIRE PATTON BOGGS (US) LLP**

*/s/ Gassan A. Baloul*
Gassan A. Baloul (GB-4473)
gassan.baloul@squirepb.com
Joseph S. Alonzo (JA-1378)
joseph.alonzo@squirepb.com
1211 Avenue of the Americas, 26th Floor
New York, NY 10036
Telephone: (212) 872-9800
Facsimile:  (212) 872-9815

*Attorneys for Defendant Lebanese Canadian Bank, SAL*