USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/7/2022

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
CHAIM KAPLAN, *et al.*,

                                 Plaintiffs,

        -against-

LEBANESE CANADIAN BANK, SAL,
                         Defendant.
-----------------------------------------------------------------X
ESTER LELCHOOK, *et al.*,

                                 Plaintiffs,

        -against-

LEBANESE CANADIAN BANK, SAL, *et al.*,
                         Defendants.
-----------------------------------------------------------------X

**MEMORANDUM OPINION AND ORDER**

**08-CV-7253 (GBD) (KHP)**

**18-CV-12401 (GBD) (KHP)**

**KATHARINE H. PARKER, United States Magistrate Judge:**

      Defendants in both of these related cases seek a stay of discovery until the Court rules on motions to dismiss challenging the sufficiency of the amended complaint as well as the Court's personal jurisdiction over Defendant Mohamed Hamdoun in *Lelchook v. Lebanese Canadian Bank* (hereinafter "Lelchook").

      Courts have considerable discretion to stay upon a showing of good cause. *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018); *see also* Fed. R. Civ. P. 26(c). In some circumstances, a pending motion to dismiss may constitute "good cause" for a protective order staying discovery. *See, e.g., Brooks v. Macy's, Inc.*, 2010 WL 5297756, at *1 (S.D.N.Y. Dec. 21, 2010). "[A] court determining whether to grant a stay of discovery pending a motion must look to the particular circumstances and posture of each case." *Alford v. City of*

*New York*, 2012 WL 947498, at *1 (E.D.N.Y. Mar. 20, 2012) (citation omitted). Courts consider: "(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion." *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (internal quotation marks and citation omitted).

With respect to the "strength of the motion" prong of this analysis, the party seeking a stay must present "substantial arguments for dismissal[ ]." *Id.* (quoting *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002)). Phrased otherwise, this standard requires "a strong showing that the plaintiff's claim is unmeritorious." *Id*. (quoting T*elesca v. Long Island Hous. P'ship, Inc.*, 2006 WL 1120636, at *1 (E.D.N.Y. Apr. 27, 2006)).

Here, the Court concludes that a stay of discovery is not justified. The *Kaplan* case was filed in 2008 and has been pending approximately fourteen years without any discovery. Both the federal and state courts have issued numerous rulings on the sufficiency of the pleadings and jurisdictional issues. At this point, *Kaplan* is ready to proceed with discovery on the Justice Against Sponsors of Terrorism Act ("JASTA") claim that the Second Circuit found was sufficiently pled. *See Kaplan v. Lebanese Canadian Bank, SAL*, 999 F.3d 842, 845 (2d Cir. 2021).

Since it was filed, Defendant Lebanese Canadian Bank ("LCB") went into liquidation and its assets were sold to Societe Generale de Banque au Liban SAL ("SGBL") in June 2011. The *Lelchook* case was filed in 2018 and has been pending four years without any discovery. Plaintiffs recently amended the complaint in an attempt to conform the allegations to those found sufficient in *Kaplan*; however, Defendants still question their sufficiency. Additionally, Defendant Hamdoun asserts the Court lacks personal jurisdiction over him. As one of the individuals overseeing the liquidation of LCB, however, he necessarily will be involved in both cases and provide testimony regardless. The discovery in both cases overlaps substantially.

Given that the parties in the *Lelchook* case will be engaged in discovery in the *Kaplan* case regardless of the outcome of the motions in *Lelchook*, there is no prejudice to Defendants in proceeding with discovery.  On the other hand, there is prejudice to Plaintiffs in a continued stay of discovery given the age of these cases.  As more time passes, the higher the risk that witnesses will become unavailable and memories will fade.  Moreover, Defendant LCB indicates that it does not currently possess many of the documents sought by Plaintiffs because its assets were liquidated and transferred to SGBL in connection with the June 2021 sale or are in the possession of the Custodian and Clearing Center of Financial Instruments for Lebanon and the Middle East ("MIDCLEAR") SAL.  Therefore, a substantial amount of discovery in this case will be obtained from non-parties.  There is little burden to the Defendants in proceeding with such discovery, which should commence at once.

For the above reasons, Defendants' request for a stay is denied.

**SO ORDERED.**

DATED:   New York, New York
         July 7, 2022

                                             _____
                                             KATHARINE H. PARKER
                                             United States Magistrate Judge