USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/13/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHAIM KAPLAN, *et al.*,<br><br>    Plaintiffs,<br><br>against<br><br>LEBANESE CANADIAN BANK, SAL,<br><br>    Defendant. | Civil Action No. 08-cv-7253 (GBD)(KHP) |
| ESTER LELCHOOK, *et al.*,<br><br>    Plaintiffs,<br><br>against<br><br>LEBANESE CANADIAN BANK, SAL, *et al.*<br><br>    Defendants. | Civil Action No. 18-cv-12401 (GBD)(KHP) |

WHEREAS, the parties to the above-captioned actions (jointly hereinafter: "Actions"), having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents disclosed or produced by the parties in connection with the pre-summary judgment and pre-trial phases of these Actions:

1. Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and

documents designated by a party as confidential will be stamped or otherwise labeled as "Confidential."

2. Deposition transcripts and exhibits thereto shall presumptively be treated as confidential and subject to the terms of this Protective Order during the deposition and until thirty (30) days after the completion of the transcript (or, in respect to any errata sheet, within 30 days after the filing of the errata sheet), unless otherwise specified in writing or on the record of the deposition by the Designating Party. At or before the end of that thirty (30) day period, relevant portions of the deposition transcript and of any exhibits may be designated for future purposes as "Confidential" by any party. Notice of such designation shall be made in writing to the court reporter, with copies to counsel for the parties, specifying the portion(s) of the transcript and exhibits that constitute or contain confidential information and are to be marked accordingly. Deposition transcripts containing testimony or exhibits designated as "Confidential" shall be marked by the court reporter with the legend "THIS TRANSCRIPT CONTAINS CONFIDENTIAL INFORMATION" and the portions thereof marked as "Confidential" shall be treated in accordance with the provisions of this Protective Order.

3. The Confidential portions of documents and information disclosed in these Actions will be held and used by the person receiving them solely for use in connection with these Actions and any third-party discovery proceedings, appeals or enforcement proceedings directly related to these Actions.

4. Any party to these Actions may challenge, at any time, a designation of confidentiality made pursuant to this Protective Order; such challenge may be to the validity of the designation when originally made, and/or to the continued validity of such designation in light of a purported change in circumstances (including, without limitation, when the challenging party asserts that the documents or information have become public, or have become "judicial documents" subject to public access). In the event of such a challenge, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution,

either party may seek resolution by the Court at any time. The burden rests on the designating party to demonstrate that such designation, or continued designation, is proper. Material designated as "Confidential" shall remain subject to the protections of this Order unless and until the Court rules or the designating party agrees otherwise. Nothing in this Protective Order constitutes an admission by any party that documents or information marked as "Confidential" in these Actions is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

5. Documents or portions thereof or information designated as "Confidential" shall not be disclosed to any person, except:

    a. The requesting party[1] and counsel, including in-house counsel;

    b. Employees of such counsel assigned to and necessary to assist in the litigation;

    c. Consultants or experts assisting in the prosecution or defense of these Actions, and their staff, to the extent deemed necessary by counsel;

    d. Professional vendors retained by a party or its counsel to furnish technical services in connection with the litigation;

    e. The Court (including a mediator, or other person having access to any Confidential documents or information by virtue of his or her position with the Court);

---

[1] In the case of Defendant LCB, LCB's officers, directors, liquidators, personnel, and former personnel may receive material designated as "CONFIDENTIAL" as is reasonably necessary for this litigation and after being advised of their obligations hereunder.

  f. An officer before whom a deposition is taken, including stenographic reporters, videographers, and any necessary secretarial, clerical, or other personnel of such officer;

  g. Trial and deposition witnesses;

  h. As to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy; and

  i. Any other person specifically identified and agreed to in writing by the parties.

6. Prior to disclosing or displaying material designated as "Confidential" to any person other than those outlined in categories (a), (b), (e) and (f) of paragraph 5 hereof, counsel must:

  a. Inform the person of the confidential nature of the material;

  b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

  c. Require each such person to sign an agreement to be bound by this Order in the form attached hereto. To the extent a deposition or trial witness is not under a party's control and declines to sign the agreement or to be bound by this Order, the parties will seek direction from the Court prior to disclosing or displaying material designated as "Confidential" to such witness.

Trial and deposition witnesses are only authorized to receive material designated as "Confidential" if the material is to be used in good faith preparation for, during the course of, or in review of deposition or hearing or trial testimony, and for no other purpose.

7. The disclosure of a document or information without designating it as "Confidential" shall not constitute a waiver of the right to so designate such document or information (provided that such designation is proper under the terms of this Protective Order). If so designated, the document or information shall thenceforth be treated as Confidential subject to all the terms of this Protective Order. To the extent such material may have been disclosed to anyone not authorized to receive it, the receiving party shall, upon the designating party's request, promptly (i) identify to the designating party any persons to whom such disclosures were made, (ii) cooperate in good faith with any efforts by the designating party to retrieve the material; and (iii) take all reasonable steps to avoid any further disclosure of the Confidential material.

8. If a party that has received "Confidential" material learns that, inadvertently or otherwise, it has disclosed such material to any person or in any circumstance not authorized under this Protective Order, that party must promptly, after discovery of the disclosure (a) notify the producing party in writing of the unauthorized disclosure(s) and the identity of such person(s) to whom the material was disclosed, (b) take reasonable efforts to retrieve from the person or persons to whom unauthorized disclosures were made (the "Unauthorized Recipient(s)"), or to have the Unauthorized Recipient(s) destroy, all copies of the material, (c) inform the Unauthorized Recipient(s) of all the terms of this Protective Order, and (d) request that the Unauthorized Recipient(s) execute the agreement to be bound by this Order in the form attached hereto.

9. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The parties shall meet and confer regarding the security protocols the receiving party shall use in connection with the storage and transfer of information designated as Confidential by the producing party in order to safeguard such information. In the event the party who received PII experiences a

data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach.

10.     (a)     Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise unintentional, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

(b)     In the event a producing party discovers it has disclosed privileged or work-product protected material, the producing party may provide written notice to all counsel of record advising of the disclosure and requesting return or destruction of the material. Upon receiving such written notice, the receiving party shall, consistent with Federal Rule of Civil Procedure 26(b)(5)(B) promptly return, sequester, or destroy all copies of the document(s) as required below.

(c)     Upon receiving notice from a producing party that it is requesting the return or destruction of privileged or work-product protected material, the receiving party shall either (a) promptly return and/or destroy its copies of the material, make a good faith effort to destroy any notes that reproduce, copy, or otherwise disclose the substance of the material, and notify the producing party's counsel of record when it has done so; or (b) sequester all copies of the material in a manner that will prevent further disclosure or dissemination of its contents pending further order of the Court.

(d)     Within five (5) business days of receiving notice from a producing party or its counsel requesting the return or destruction of privileged or work-product protected material, the receiving party shall notify the producing party's counsel of

record in writing whether the receiving party intends to challenge the designation of the material as privileged or work-product protected. If the receiving party intends to challenge the designation, the material shall remain sequestered pending Court resolution of the challenge, and the receiving party and its counsel shall view and use the material at issue only to the extent necessary to challenge the privilege claim. The material that the receiving party intends to challenge shall only be submitted to the Court under seal for an *in camera* review.

(e) If the receiving party does not intend to challenge the designation of the material as privileged or work-product protected, the receiving party and its counsel shall, within ten (10) business days of receiving such notice of production of privileged material, destroy or return all its copies of material identified by the producing party in such notice and expunge information or material derived from the produced privileged material from any other documents the receiving party possesses. To the extent the receiving party provided any disclosed privileged material to any other person or non-party, the receiving party shall, upon the producing party's request, promptly (i) identify to the producing party any persons to whom such disclosures were made, (ii) cooperate in good faith with any efforts by the producing party to retrieve the privileged material; and (iii) take all reasonable steps to avoid any further disclosure of the privileged material.

(f) The parties shall undertake reasonable efforts to resolve the issue of whether material is privileged without intervention by the Court. To the extent the parties cannot resolve the issue, a party may seek relief from the Court. No party, however, may assert as a ground for compelling production the fact or circumstance that the privileged material had already been produced until the Court determines the material is not in fact privileged. Nothing herein shall prevent the receiving party from asserting that the conditions set forth in Rule 502(b) are not met.

11. If a party that has received material designated as "Confidential" wishes to file anything with the Court in these Actions (or with any courts hearing third-party discovery disputes, appeals or enforcement proceedings directly related to these

Actions, as set forth in paragraph 3 above) that incorporates that material or would reveal the contents of that material, that party shall request that the court maintain such material under seal and shall follow the court's procedures for doing so.

12. This Protective Order has no effect upon, and shall not apply to, a producing party's use of its own discovery material for any purpose.

13. At the conclusion of litigation (including any appeals and enforcement proceedings), materials designated as "Confidential" shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected. For the avoidance of doubt, Expert Witnesses, Professional Vendors, and other third parties who have received material designated as "Confidential" shall also be required to return or destroy such material pursuant to the terms of this paragraph.

14. Nothing herein shall preclude the parties from disclosing material designated to be Confidential if otherwise required by law or pursuant to a valid subpoena. If a party that has received material designated as "Confidential" receives a subpoena or other document production request from a non-party to this Protective Order seeking production or other disclosure of that material, the receiving party shall notify counsel for the designating party in writing promptly and in no event more than five business days after receiving the subpoena or document production request. Counsel for the receiving party shall inform the person seeking the Confidential materials that such material is subject to this Protective Order, and shall work in good faith to facilitate the intervention of the designating party in the matter to which the subpoena or document production request relates for purposes of asserting objections to the subpoena or document production request. To the extent the designating party is determined to lack standing to assert such objections, the designating party may provide the text of such objections to the receiving party, which shall act in good faith to timely assert such objections. Unless and until such

objections are overruled by the Court, or the Court otherwise orders production of the material, no receiving party may produce or divulge the contents of the material, except with the express written consent of the designating party. Under no circumstances will the receiving party be required to litigate a dispute relating to any such subpoena or document production request in the court that issued the non-party request beyond the steps set forth above.

15. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

SO STIPULATED AND AGREED.

| THE BERKMAN LAW OFFICE, LLC | SQUIRE PATTON BOGGS (US) LLP |
|---|---|
| By: */s/ Robert J. Tolchin* (with consent)<br>Robert J. Tolchin<br>829 East 15th Street<br>Brooklyn, NY 11230 | By: */s/ Gassan A. Baloul*<br>Gassan A. Baloul<br>2550 M Street, NW<br>Washington, DC 20037 |
| *Counsel for Plaintiffs* | *Counsel for Defendants Lebanese Canadian Bank SAL and Mohamed Hamdoun* |
| Dated: December 8, 2022 | Dated: December 8, 2022 |

SO ORDERED.

_____
KATHARINE H. PARKER, U.S.M.J.   12/13/2022

9

## Agreement

       I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

       I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED:

_____
Signed in the presence of:

_____
(Attorney)