IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X

CHAIM KAPLAN, *et al.*,

                      Plaintiffs,

        -against-

LEBANESE CANADIAN BANK, SAL,

                      Defendant.

------------------------------------------------------------------- X

ESTER LELCHOOK, *et al.*,

                      Plaintiffs,

        -against-

LEBANESE CANADIAN BANK, SAL, *et al.*,

                      Defendants.

------------------------------------------------------------------- X

Civ. No. 08-7253-GBD-KHP

Civ. No. 18-12401-GBD-KHP

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/14/2023

**STIPULATION AND [PROPOSED] ORDER
<u>STAYING DISCOVERY</u>**

    **WHEREAS**, the Plaintiffs in the above-captioned actions ("Plaintiffs" and "Actions," respectively) allege in their operative complaints that Defendant Lebanese Canadian Bank, SAL ("LCB") and (in *Lelchook* only) Defendant Mohamad Hamdoun (jointly "Defendants") provided banking and financial services to Hezbollah, and are therefore liable to Plaintiffs under the Antiterrorism Act ("ATA"), 18 U.S.C. § 2331, *et seq.*, for harm caused to Plaintiffs in rocket and missile attacks carried out by Hezbollah, *see generally Kaplan v. Lebanese Canadian Bank, SAL*, 999 F.3d 842 (2d Cir. 2021); and

    **WHEREAS**, Defendant LCB denies any liability for any injury suffered by Plaintiffs, *see generally Kaplan,* ECF 167, and *Lelchook*, ECF 76; Defendant Mohamad Hamdoun denies any

liability for any injury suffered by Plaintiffs and has moved to dismiss all claims against him in the *Lelchook* action, *see generally Lelchook*, ECF 77-78, 95-96; and the Court has stayed discovery as to Hamdoun personally pending resolution of his motion to dismiss, *see Lelchook*, ECF 73 at 1; and

**WHEREAS**, on June 30, 2022, the Court entered a Scheduling Order in these Actions, *Kaplan*, ECF 171; *Lelchook*, ECF 73; and

**WHEREAS**, Plaintiffs sought discovery from Defendant LCB of records relating to the (alleged) provision of banking and financial services on which Plaintiffs base their claims; and

**WHEREAS**, Defendant LCB has informed Plaintiffs that the records sought by Plaintiffs are not in LCB's possession, custody, or control, because all LCB account and transaction records were transferred to the custody of its successor, Société Générale de Banque au Liban ("SGBL"), and LCB did not retain copies (with the limited exception of some records concerning accounts still being wound down, none of which is responsive to Plaintiffs' requests); as a result of LCB's liquidation and the sale of its assets to SGBL, LCB was required by Lebanese law and Lebanese authorities to transfer the records to SGBL without retaining copies; and LCB is not withholding from production any account or transaction records responsive to Plaintiffs' requests for production, as all such records (to the extent any existed) were transferred to SGBL; and

**WHEREAS**, Defendant LCB has further informed Plaintiffs that representatives of LCB recently met with representatives of SGBL, and at that meeting, SGBL stated that it would not provide LCB with copies of customer-specific records because such records are protected by Lebanese bank secrecy; and

**WHEREAS**, Plaintiffs contest Defendant LCB's representations in the two immediately preceding paragraphs, and have reserved all their rights, claims and remedies with respect to the

records at issue and their disposition; however, Plaintiffs also believe (without waiving any rights, claims or remedies) that it would be more efficient and economical for this Court and for the parties herein, and conserve significant judicial and party resources, if (as described below) Plaintiffs can successfully compel production of the records at issue directly from SGBL, rather than now engage in discovery and motion practice in these Actions regarding the disposition of the records; and

**WHEREAS**, SGBL is located in Lebanon and has no U.S. branches; however, Plaintiffs herein previously brought an ATA action against SGBL in its capacity as the successor of LCB, which was dismissed for lack of personal jurisdiction, *see Lelchook v. SGBL*, 2021 WL 4931845 (E.D.N.Y. Mar. 31, 2021); Plaintiffs appealed the dismissal of their action against SGBL, *Lelchook v. SGBL*, No. 21-975 (2d Cir.); on April 26, 2023, the Second Circuit found that personal jurisdiction over SGBL turns on unsettled questions of New York law, and certified those questions to the New York Court of Appeals, *Lelchook v. SGBL*, 67 F.4th 69 (2d Cir. 2023); on May 18, 2023, the New York Court of Appeals accepted the certified questions, *Lelchook v. SGBL*, 211 N.E.3d 92 (2023), and set a schedule pursuant to which briefing on the certified questions will be completed on September 20, 2023; and, following the ruling of the New York Court of Appeals, the question of personal jurisdiction over SGBL will return to the Second Circuit for a final determination, in light of the holding of the New York Court of Appeals; and

**WHEREAS**, if the Second Circuit reinstates Plaintiffs' ATA action against SGBL, Plaintiffs will seek production of the LCB banking records at issue directly from SGBL, which would potentially moot (or significantly limit) the dispute between the parties in these Actions regarding LCB's disposition of the records.

**NOW THEREFORE**, it is stipulated and agreed by and between Plaintiffs and Defendants, through their undersigned counsel, as follows:

1.      In the interests of judicial efficiency and the preservation of judicial and party resources, discovery in these Actions is hereby stayed until 60 days after the Second Circuit issues its mandate in the Plaintiffs' appeal in *Lelchook v. SGBL*, No. 21-975 (2d Cir.) ("Restart Date").

2.      All deadlines and dates provided in the Court's Scheduling Order (*Kaplan*, ECF 171; *Lelchook* ECF 73) are hereby extended for a period of time that is equal to the time period between the date this Stipulation was executed by counsel for the parties and the Restart Date.

3.      This Stipulation and [Proposed] Order may be executed in counterparts, and electronic or facsimile signatures shall be deemed equivalent to original signatures.

#####

Dated:  July 13, 2023

| THE BERKMAN LAW OFFICE, LLC | SQUIRE PATTON BOGGS (US) LLP |
|---|---|
| By: */s/ Robert J. Tolchin* (with consent)<br>Robert J. Tolchin<br>829 East 15th Street, Box 7<br>Brooklyn, New York 11230<br>(718) 855-3627 | By: */s/ Gassan A. Baloul*_____<br>Gassan A. Baloul (GB-4473)<br>Mitchell R. Berger (MB-4112)<br>1211 Avenue of the Americas, 26th Fl.<br>New York, NY 10036<br>(212) 872-9800 |
| *Counsel for Plaintiffs* | *Counsel for Defendants* |

SO ORDERED on this ___ day of _____, 2023.

_____
U.S. Magistrate Judge Katharine H. Parker

SO ORDERED:

*Katharine H. Parker*
HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE   7/14/2023

4