

Squire Patton Boggs (US) LLP
2550 M Street, NW
Washington, District of Columbia 20037

O   +1 202 457 6000
F   +1 202 457 6315
squirepattonboggs.com

Gassan A. Baloul
T   +1 202 457 6155
gassan.baloul@squirepb.com

December 10, 2025

**VIA ECF**

The Honorable Katharine H. Parker
United States District Court, Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:  *Kaplan, et al. v. Lebanese Canadian Bank, SAL*, 08-CV-7253 (GBD)(KHP)
   *Lelchook, et al. v. Lebanese Canadian Bank, SAL, et al.*, 18-CV-12401 (GBD)(KHP)

Dear Judge Parker:

On behalf of all parties in the above-captioned actions, we respectfully submit this joint status report pursuant to the Court's order of October 14, 2025 (*Kaplan* ECF No. 250), which directed the parties to file a further joint status letter by today's date.

As the Court will recall, these actions were stayed pending the Second Circuit's ruling in *Lelchook v. SGBL*, pursuant to the Stipulation previously approved by the Court (*Kaplan* ECF No. 233) (the "Stipulation").  As set forth in the Stipulation:

- Defendant LCB has informed Plaintiffs that the records sought by Plaintiffs in discovery in these actions are not in LCB's possession, custody, or control, because all LCB account and transaction records were transferred to SGBL as a result of LCB's liquidation and the sale of its assets to SGBL (*see* Stipulation at 2);

- Plaintiffs "believe (without waiving any rights, claims or remedies) that it would be more efficient and economical for this Court and for the parties herein, and conserve significant judicial and party resources, if . . . Plaintiffs can successfully compel production of the records at issue directly from SGBL" (*id.* at 3);

48 Offices across 4 Continents

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs, which operates worldwide through a number of separate legal entities.

Please visit squirepattonboggs.com for more information.

Squire Patton Boggs (US) LLP

**VIA ECF**

The Honorable Katharine H. Parker
United States District Court, Southern District of New York
December 10, 2025

- "[I]f the Second Circuit reinstates Plaintiffs' ATA action against SGBL, Plaintiffs will seek production of the LCB banking records at issue directly from SGBL, which would potentially moot (or significantly limit) the dispute between the parties in these Actions regarding LCB's disposition of the records." (*Id.*).

As set forth in the parties' October 10, 2025 status report, on August 11, 2025, the Second Circuit issued its decision in *Lelchook v. SGBL*, and reversed the district court's judgment granting SGBL's motion to dismiss and remanded the case to the district court for further proceedings. However, on September 24, 2025, SGBL filed a petition for rehearing *en banc* in the Second Circuit. The parties thus requested to continue the existing stay for another 60 days, and to provide a further joint status report no later than today's date, which the Court granted by order dated October 14, 2025 (*Kaplan* ECF No. 250).

The Second Circuit denied SGBL's motion for rehearing, and then, on November 10, 2025, issued its mandate returning the case to the district court. (*See Lelchook v. SGBL*, Case No. 19-cv-00033 (E.D.N.Y.), ECF No. 95). The case then was reassigned to District Judge Carol Bagley Amon and Chief Magistrate Judge Vera Scanlon. On December 2, 2025, Plaintiffs filed a letter-motion requesting a Rule 26(f) conference, and SGBL responded by letter, stating that they intended to contact Plaintiffs to discuss the case. (*Lelchook v. SGBL*, ECF Nos. 96-97). Chief Magistrate Judge Scanlon then issued an order scheduling a conference for December 17, and directing the parties to complete a Joint Proposed Case Management Plan no later than December 12. (*Lelchook v. SGBL*, ECF No. 98).

Pursuant to the above, Plaintiffs anticipate seeking discovery from SGBL in *Lelchook v. SGBL*. Accordingly, the parties request to continue the existing stay in these actions for another 60 days, and to provide a further joint status report no later than February 9, 2025.

We thank the Court for its attention to this matter.

Respectfully submitted,

Squire Patton Boggs (US) LLP

*/s/ Gassan A. Baloul*
Gassan A. Baloul

Cc: All counsel of record (via ECF)